George M. Lee (SBN 172982)
gml@seilerepstein.com
**SEILER EPSTEIN LLP**
275 Battery Street, Suite 1600
San Francisco, California 94111
Phone: (415) 979-0500
Fax: (415) 979-0511

Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM BRANDY, an individual; DAEMION GARR, an individual; DG2A ENTERPRISES INC., d.b.a. GUN WORLD; SECOND AMENDMENT FOUNDATION; CALIFORNIA GUN RIGHTS FOUNDATION; NATIONAL RIFLE ASSOCIATION OF AMERICA; and FIREARMS POLICY COALITION, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> ALEX VILLANUEVA, in his official capacity as Sheriff of Los Angeles County, California, and in his capacity as the Director of Emergency Operations; GAVIN NEWSOM, in his official capacity as Governor and Commander in Chief of the State of California; SONIA Y. ANGELL, in her official capacity as California Public Health Officer; BARBARA FERRER, in her official | Case No. <br><br> **COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF** |

capacity as Director of Los Angeles
County Department Of Public Health;
and COUNTY OF LOS ANGELES,

Defendants.

Plaintiffs Adam Brandy, *et al*. ("Plaintiffs"), by and through counsel of record, bring this complaint for injunctive and declaratory relief against the named Defendants, and allege as follows:

## INTRODUCTION

1.      In California, individuals are required to purchase and transfer firearms and ammunition through state and federally licensed dealers or face serious criminal penalties.

2.      Subjective political opinions are irrelevant to this truth: State and federal firearms licensees are essential businesses that provide access to constitutionally protected rights. Full stop. Californians cannot exercise their Second Amendment right to keep and bear arms without such businesses.

3.      Shuttering access to arms necessarily shutters the Constitutional right to those arms. By forcing California's duly licensed, essential businesses to close or eliminate key services for the general public, California authorities are foreclosing the only lawful means to buy, sell, and transfer firearms and ammunition available to typical, law-abiding Californians. Such a de facto prohibition on the right to keep

and bear arms is categorically unconstitutional under the Second Amendment.

4.     The circumstances posed by the Novel Coronavirus ("COVID-19") outbreak are noteworthy, but do not excuse unlawful government infringements upon freedom. In fact, the importance of maintaining the ongoing activities of essential businesses for the safety, health, and welfare of Californians makes Plaintiffs' point: the need for enhanced safety during uncertain times is precisely when Plaintiffs and their members must be able to exercise their fundamental rights to keep and bear arms.

5.     The governmental infringements at issue are only compounding the very dangers they purportedly seek to mitigate. In this context, firearm and ammunition retailers arguably provide the most essential business function possible by enabling Californians to lawfully defend themselves, their loved ones and their property.

6.     The various Orders that have been put in place by the Governor of the State of California, the California Department of Public Health, the Los Angeles County of Public Health, and the Los Angeles County Sheriff are unconstitutionally vague, arbitrary and capricious, and violate the Second and Fourteenth Amendment rights of Plaintiffs and similarly situated Californians.

7.     State and local agency and county policies may not, legislatively or though mere fiat, as here, enact and/or enforce a suspension or deprivation of

constitutional liberties during a time of crisis. And they certainly may not use a public health crisis as political cover to impose bans and restrictions on rights they do not like. Their Orders, policies, and practices that do so much be immediately restrained and enjoined to protect the fundamental rights of law-abiding Californians.

**PARTIES**

*Individual Plaintiffs*

8. Plaintiff Adam Brandy is a natural person, a citizen of the United States, and a resident of the County of Los Angeles, California. Plaintiff Brandy is not prohibited from possessing or acquiring arms, including firearms and ammunition, under state and federal law. Plaintiff Brandy is concerned about his safety and the safety of his family, wants to exercise his rights and acquire arms, including firearms, ammunition, magazines, and appurtenances, and would do so, but for the reasonable and imminent fear of criminal prosecution under Defendants' laws, policies, orders, practices, customs, and enforcement.

9. Plaintiff Daemion Garr is a natural person, a citizen of the United States, and a resident of the County of Los Angeles, California. Plaintiff Garr is not prohibited from possessing or acquiring arms, including firearms and ammunition, under state and federal law. Plaintiff Garr is the owner and operator of DG2A Enterprises Inc., d.b.a. Gun World ("Gun World") in Burbank, California. Plaintiff

Garr is concerned about his safety and the safety of his customers and the public. On behalf of himself and his customers, Plaintiff Garr would sell and transfer arms, including firearms, ammunition, magazines, and appurtenances, and would do so, but for the reasonable and imminent fear of criminal prosecution and loss of his license under Defendants' laws, policies, orders, practices, customs, and enforcement thereof.

*Retailer Plaintiff*

10.     Plaintiff DG2A Enterprises Inc., d.b.a. Gun World, is a limited liability corporation and holds federal, state, and local licenses to conduct the sales of arms, including firearms, ammunition, magazines, and appurtenances, in Burbank, California. Plaintiff Gun World is concerned about its safety and the safety of its customers and the public. On behalf of itself and its customers, Plaintiff Gun World would sell and transfer arms, including firearms, ammunition, magazines, and appurtenances, and would do so, but for the reasonable and imminent fear of criminal prosecution and loss of its license under Defendants' laws, policies, orders, practices, customs, and enforcement thereof.

*Institutional Plaintiffs*

11.     Plaintiff Second Amendment Foundation, Inc. ("SAF") is a nonprofit educational foundation incorporated under the laws of Washington with its principal place of business in Bellevue, Washington. SAF seeks to preserve the effectiveness

of the Second Amendment through education, research, publishing, and legal action programs focused on the Constitutional right to possess firearms, and the consequences of gun control. SAF has over 650,000 members and supporters nationwide, including thousands of members in California. SAF brings this action on behalf of itself and its members. Individual Plaintiffs and Retailer Plaintiff are, each and every one, members of SAF.

12.    Plaintiff California Gun Rights Foundation ("CGF") is a nonprofit foundation incorporated under the laws of California with its principal place of business in Sacramento, California. CGF serves its members, supporters, and the public through educational, cultural, and judicial efforts to defend and advance Second Amendment and related rights. CGF has thousands of members and supporters in California, including in Los Angeles County and Individual and Retailer Plaintiffs herein. The interpretation and enforcement of the Second Amendment directly impacts CGF's organizational interests, as well as the rights of CGF's members and supporters. CGF has expended and diverted resources, and adversely and directly harmed, because of Defendants' laws, policies, practices, and customs challenged herein. CGF brings this action on behalf of itself, its members, supporters who possess all the indicia of membership, and similarly situated members of the public. Individual Plaintiffs and Retailer Plaintiff are, each and every one, members of FPC.

13.     Plaintiff the National Rifle Association of America ("NRA") is a nonprofit corporation organized under the laws of the State of New York with its principal place of business in Fairfax, Virginia. The NRA is America's leading provider of gun-safety and marksmanship education for civilians and law enforcement. It is also an important defender of the Second Amendment to the United States Constitution. The NRA has over five million members, and its programs reach millions more. NRA's members reside both outside and within the State of California, including in Los Angeles County, California. NRA represents its members and supporters and brings this action on behalf of itself, its members, supporters who possess all the indicia of membership, and similarly situated members of the public. NRA has expended and diverted resources, and adversely and directly harmed, because of Defendants' laws, policies, orders, practices, and customs challenged herein.

14.     Plaintiff Firearms Policy Coalition, Inc. ("FPC") is a non-profit organization incorporated under the laws of Delaware with a place of business in Sacramento, California. The purposes of FPC include defending and promoting the People's rights, especially but not limited to First and Second Amendment rights, advancing individual liberty, and restoring freedom. FPC serves its members and the public through legislative advocacy, grassroots advocacy, litigation and legal efforts, research, education, outreach, and other programs. FPC's members reside both

outside and within the State of California, including in Los Angeles County, California. FPC represents its members and supporters — who include gun owners, individuals who wish to acquire firearms and ammunition, licensed California firearm retailers, and others — and brings this action on behalf of itself, its members, supporters who possess all the indicia of membership, and similarly situated members of the public. FPC has expended and diverted resources, and adversely and directly harmed, because of Defendants' laws, policies, orders, practices, and customs challenged herein. Individual Plaintiffs and Retailer Plaintiff are, each and every one, members of FPC.

*State Defendants*

15.     Defendant Gavin Newsom is the current Governor and Commander-in-Chief of the State of California, and responsible for executing and administering California's laws, orders, customs, practices, and policies at issue in this lawsuit. Defendant Newsom is sued in his official capacity. Defendant Newsom issued Executive Order N-33-20, and prior orders proclaiming a state of emergency to exist in California due to the threat of COVID-19.

16.     Defendant Sonia Y. Angell is the California Public Health Officer. Defendant Angell is the head of the California Department of Public Health ("CDPH"). The CDPH is the State department responsible for public health in California and a subdivision of the California Health and Human Services Agency

("CHHSA"). It enforces some of the laws in the California Health and Safety Codes, including those at issue herein. Defendant Angell is sued in her official capacity.

*Local Defendants*

17.     Defendant Alex Villanueva is sued in his official capacity as Sheriff of Los Angeles County and head of Defendant Los Angeles County Sheriff's Department, and in his capacity as the Director of Emergency Operations.

18.     Defendant Barbara Ferrer is sued in her official capacity as Director of the Los Angeles County Department of Public Health, a department of Defendant County of Los Angeles.

19.     Defendant County of Los Angeles, California is a local governmental entity organized under the Constitution and laws of the State of California, possessing legal personhood within the meaning of 42 U.S.C. § 1983. The County is responsible for executing and administering its laws, orders, customs, practices, and policies at issue in this lawsuit.

**JURISDICTION AND VENUE**

20.     This Court has jurisdiction over all claims for relief pursuant to 28 U.S.C. §§ 1331, 1343, 2201, and 2202, and 42 U.S.C. §§ 1983 and 1988, as this action seeks to redress the deprivation under color of the laws, statutes, ordinances, regulations, customs, and usages of the State of California, of the rights, privileges or immunities secured by the United States Constitution.

21.     Venue lies in this Court under 28 U.S.C. § 1391, as the events giving rise to Plaintiffs' causes of action arose or exist in this District in which the action is brought. Venue is also proper under 28 U.S.C. § 1391, as the venue rules of this State specifically permit this action to be filed in Los Angeles, since Defendants maintain offices within this District; Cal. Code of Civ. Pro. § 401(1).

## PERTINENT CONSTITUTIONAL PROVISIONS

22.     The Second Amendment to the United States Constitution provides:

> A well-regulated Militia being necessary to the security of a free State, the right of the people to keep and bear Arms shall not be infringed.

23.     The Second Amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation." *District of Columbia v. Heller*, 554 U.S. 570, 592 (2008). And it "elevates above all other interests the right of law-abiding, responsible citizens to use arms in defense of hearth and home." *Id* at 635.

24.     The Second Amendment is fully applicable to the States thought the Fourteenth Amendment's Due Process and Privileges or Immunities Clauses. *McDonald v. City of Chicago*, 561 U.S. 742, 750 (2010); *id*. at 805 (Thomas, J., concurring).

25.     The Fourteenth Amendment to the United States Constitution provides in pertinent part:

1
2
3
4
5
6

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

7
8

**PERTINENT STATUTES AND REGULATIONS**

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

26.     Effective March 19, 2020, Governor Gavin Newsom signed Executive Order N-33-20,[1] directing all individuals living in California to "stay home or at their place of residence except as needed to maintain continuity of operations of the federal critical infrastructure sectors."  This Order is in place until further notice. The Order states that the Governor "may designate additional sectors" but does not identify any other sectors or provide definitions or clarity on the scope and extent of such sectors. Further, the Order provides that Californians working in critical infrastructure sectors may continue their work because of the importance of these sectors to Californians' health and well-being. The Order states that Californians must nonetheless have access to "necessities" but the term is not fully defined. It provides that when "people need to leave their homes or places of residence, whether to obtain or perform" critical infrastructure, or "to otherwise facilitate authorized

27
28

[1]Executive Department, State of California, Executive Order N-33-20, https://covid19.ca.gov/img/Executive-Order-N-33-20.pdf.

necessary activities," should practice social distancing.  The Order does not define what is meant by "authorized necessary activities."  The Order "shall be enforceable pursuant to California law, including, but not limited to, Government Code section 8665."

27.  Government Code section 8665 states:

> Any person who violates any of the provisions of this chapter or who refuses or willfully neglects to obey any lawful order or regulation promulgated or issued as provided in this chapter, shall be guilty of a misdemeanor and, upon conviction thereof, shall be punishable by a fine of not to exceed one thousand dollars ($1,000) or by imprisonment for not to exceed six months or by both such fine and imprisonment.

28.  On March 19, 2020, the County of Los Angeles Department of Public Health, through its Health Officer, issued an Order titled, "Safer at Home Order for Control of COVID-19," which addressed, among other things, the "Closure of Non-Essential Businesses and Areas." This Order clarifies that it does not prohibit any individual or family from "shopping at Essential Businesses" provided social distancing is practiced "to the extent practicable." Without doubt, however, the Order "requires all … non-essential businesses to close" and do so "immediately." The Order's reach extends to "all cities in Los Angeles County (except Pasadena and Long Beach). Further, the order states that "[v]iolation of this Order is a misdemeanor punishable by imprisonment, fine, or both under California Health and Section Code 120295 *et seq*."

29.     Health & Safety Code section 120295 states:

> Any person who violates Section 120130 or any section in Chapter 3 (commencing with Section 120175, but excluding Section 120195), is guilty of a misdemeanor, punishable by a fine of not less than fifty dollars ($50) nor more than one thousand dollars ($1,000), or by imprisonment for a term of not more than 90 days, or by both. He or she is guilty of a separate offense for each day that the violation continued.

30.     "Non-Essential Retail Businesses" are defined as "retail establishments that provide goods and services to the public that do not come within the definition of Essential Businesses set forth in Paragraph 13 of this Order." Paragraph 13 defines "Essential Businesses." "Essential Businesses" are … other establishments engaged in the retail sale of …household consumer products … and this includes "stores that sell … other … products necessary to maintaining the safety … and essential operation of residences."  Other "Essential Businesses" encompass"

> (h) … other service providers who provide services to maintain the safety… and essential operation to properties and other Essential Businesses.
> …
>
> (q) Businesses that provide parts and service for Essential Infrastructure;
> …

(u) Military/Defense Contractors/FFRDC (Federally Funded Research and Development Centers) …."[2]

31.    On March 26, 2020, Defendant Sheriff Villanueva, through the Los Angeles County Sheriff twitter account, released an image of his March 26, 2020 Order stating, "[b]y order of the Sheriff of Los Angeles County, gun and ammunition stores are not considered essential businesses and must close to the general public, in Compliance with Executive Order-N-33-20 and County of Los Angeles Safer at Home Order for Control of COVID-19."[3]

## STATEMENT OF FACTS

32.    Individuals have a right to buy, sell, and transfer arms, including but not limited to, firearms, ammunition, magazines, and required appurtenances.

33.    On March 4, 2020, Defendant Newsom proclaimed a State of Emergency as a result of COVID-19.

34.    On March 19, 2020, Governor Gavin Newsom signed Executive Order N-33-20 identifying operations of the federal critical infrastructure sectors, as

---

[2] http://file.lacounty.gov/SDSInter/lac/1070029_COVID-19_SaferAtHome_HealthOfficerOrder_20200319_Signed.pdf.

[3] https://twitter.com/LACoSheriff/status/1243237017049128961/photo/1.

outlined   at   https://www.cisa.gov/identifying-critical-infrastructure-during-covid-19.[4]

35.     On or about March 19, 2020, Defendant Angell issued an Order of the State Public Health Officer, "order[ing] all individuals living in the State of California to stay home or at their place of residence."[5]

36.     Defendant Angell's Order provided exceptions for 16 "critical infrastructure sectors" identified by the federal government, which were permitted to remain open due to their importance to Californians' health and well-being. These sectors "are considered so vital to the United States that their incapacitation or destruction would have a debilitating effect on security, economic security, public health or safety, or any combination thereof."

37.     Defendant Angell's Order also reserved to Defendant Angell the authority to "designate additional sectors as critical in order to protect the health and well-being of all Californians."

38.     An express purpose of Defendant Angell's order is to "establish consistency across the state."

_____

[4] Executive Department, State of California, Executive Order N-33-20, https://covid19.ca.gov/img/Executive-Order-N-33-20.pdf.

[5] Order of the State Public Health Officer, Mar. 19, 2020, https://www.cdph.ca.gov/Programs/CID/DCDC/CDPH%20Document%20Library/COVID-19/Health%20Order%203.19.2020.pdf.

39.    On or about March 19, 2020, Defendant Newsom issued Executive Order N-33-20, directing all residents "to immediately heed the current State public health directives."[6] Defendant Newsom's Executive Order included the full text of Defendant Angell's Order of the State Public Health Officer.

40.    On or about March 22, 2020, in accordance with Defendant Newsom's Executive Order N-33-20 and her own Order of the State Public Health Officer, Defendant Angell designated a list of "Essential Critical Infrastructure Workers."[7]

41.    On or about March 24, 2020, in accordance with Defendant Newsom's Executive Order N-33-20, Los Angeles County Sheriff, and Director of Emergency Operations Alex Villanueva declared all firearms retailers in the County of Los Angles to be "non-essential."

42.    Also on or about March 24, 2020, in accordance with Defendant Newsom's Executive Order N-33-20, the San Diego Sheriff declared that firearm retailers "valuable public service" during the coronavirus pandemic and will be allowed to remain open. Sheriff Gore stated that licensed gun stores help maintain public safety by ensuring that buyers submit to a ten-day waiting period and pass a

_____

[6] Executive Order N-33-20, Mar. 19, 2020,
https://www.gov.ca.gov/wp-content/uploads/2020/03/3.19.20-attested-EO-N-33-20-COVID-19-HEALTH-ORDER.pdf.

[7] Essential Critical Infrastructure Workers, Mar. 22, 2020,
https://covid19.ca.gov/img/EssentialCriticalInfrastructureWorkers.pdf.

state license check. Sheriff Gore also warned that gun buyers could turn to the "black market" for illegal weapons if they can't buy them legally at licensed stores.[8]

43.  Defendant Sheriff Villanueva "told FOX 11 he's adding 1,300 deputies to patrol, doubling the current amount, and in an effort to prevent the spread of the coronavirus in jail, he has released 10% of the inmate population from county jails…" [9]

44.  On or about March 25, 2020, Sheriff Villanueva announced that the *enforcement* of the closure of firearm retailers was temporarily suspended; pending a decision on their classification as non-essential by Gov. Newsom.[10]

45.  On or about March 25, 2020, Governor Newsom issued a public statement that County Sheriffs had the discretion to determine the essential nature of firearms retailers in the state of California.

_____

[8] NBC San Diego, "Sheriff Will Not Close San Diego County Gun Stores," https://www.nbcsandiego.com/news/investigations/sheriff-will-not-close-san-diego-county-gun-stores/2292399/.

[9] FOX 11 Los Angeles, "LA County Sheriff orders gun stores to close; adds 1,300 deputies to patrol," https://www.foxla.com/news/la-county-sheriff-orders-gun-stores-to-close-adds-1300-deputies-to-patrol.

[10] NBC Los Angeles, "LA County Sheriff Reverses Decision on Closing Gun Shops," https://www.nbclosangeles.com/news/local/coronavirus-covid-19-los-angeles-county-sheriff-gun-shops-second-amendment/2334792/.

46.     Subsequently, on March 26, 2020, Sheriff Villanueva reversed his position and stated that firearms retailers are now considered "non-essential" and "must close to the general public, in compliance with the Executive Order N-33-20 and the County of Los Angeles Safer at Home Order for Control of COVID-19.[11]

47.     Sheriff Villanueva's Order specified that licensed firearm retailers shall be permitted to sell ammunition to "security guard companies" and those who "have already lawfully purchased a firearm, possess a valid California Firearms Safety Certificate (CFS), and simply need to take possession of their firearm.

48.     Plaintiff Brandy purchased his first firearm on March 18, 2020. He is eligible to pick up his firearm from Oak Tree Gun Club on March 28, 2020. Under Sheriff Villanueva's current Order, Plaintiff Brandy will be able to take possession of his firearm. However, Plaintiff Brandy is now unable to purchase any ammunition for his firearm or able to purchase an additional firearm due to Sheriff Villanueva's most recent Order prohibiting firearm and ammunition sales in Los Angeles County. Plaintiff Brandy does not own or possess any ammunition, and is prohibited from purchasing ammunition except through a license ammunition vender under California law. See California Penal Code sections 30352, 30370. Thus, Plaintiff

---

[11] WTRF.com, "Déjà vu: LA County Sheriff Closes Gun Shops Again," https://www.wtrf.com/news/national/deja-vu-la-county-sheriff-closes-gun-shops-again/.

Brandy is prohibited from exercising his Second Amendment right to protect himself and his family.

49.     Plaintiff Daemion Garr and Gun World have been forced to shutdown, reopen, and shutdown again due to the extremely vague nature of the Governor Newsom's Executive Order and the flip-flopping nature of Sheriff Villanueva's position on the essential nature of firearms retailers. This forced shutdown has prevented Plaintiffs Garr and Gun World from providing necessary services and products to ensure the fundamental rights of their customers and the customers safety. Plaintiff Garr and Gun World business and activities of selling firearms are lawful and necessary for the safety and welfare of the public. Plaintiff Garr's business and activities of selling firearms to the general public are protected by the United Sates Constitution, by the laws of the State of California, and authorized under the State and County Orders.

50.     Cities within the jurisdiction of Los Angeles County Sheriff's Order have admitted to the confusion of the Governor's Executive Order and Sheriff Villanueva's changing positions on the essential nature of firearm retailers. The City of Burbank issued the following statement on March 25, 2020 regarding gun stores:

> There has been confusion on certain categories of essential businesses, including gun shows. The County has clarified gun shops are essential businesses under the Safer at Home Order, which aligns with the Governor's stay at home executive order, and may remain open. Unfortunately, the Sheriff added to the confusion yesterday when he announced gun shops should be closed, but last night he reversed

himself. The City is under the jurisdiction of Los Angeles County Public Health for purposes of the pandemic, and as such the City follows their orders.[12]

51.    Plaintiffs, as well as those similarly situated, seek to exercise their Second Amendment right to defend themselves and their families, especially in times of crisis such as this. The extremely vague nature of the Governor's Executive Order, the County of Los Angeles Public Health Order, and Sheriff Villanueva's Orders have only served to confuse those wishing to ensure their safety and subjected Plaintiffs and those similarly situated to criminal liability for violation of said orders.

52.    As to all claims made in a representative capacity herein, there are common questions of law and fact that substantially affect the rights, duties, and liabilities of many similarly-situated California residents and visitors who knowingly or unknowingly are subject to the California statutes, regulations, policies, practices, and customs in question. The relief sought in this action is declaratory and injunctive in nature, and the action involves matters of substantial public interest. Considerations of necessity, convenience, and justice justify relief to individual and institutional Plaintiffs in a representative capacity. Further, to the extent it becomes necessary or appropriate, the institutional Plaintiffs are uniquely able to communicate with and provide notice to their thousands of California members and

---

[12] Burbank Police COVID-19 Updates, https://www.burbankpd.org/covid19/.

constituents who are or would be party to any identifiable class of individuals for whose benefit this Court may grant such relief.

## DECLARATORY JUDGMENT ALLEGATIONS

53.    There is an actual and present controversy between the parties.  Plaintiffs contend that Executive Order N-33-20, Safer at Home Order For Control of COVID-19, the Los Angeles County Sheriff's March 26, 2020 Order, and Defendants' policies, practices, and customs, infringe on Plaintiffs' rights by prohibiting Plaintiffs and other law-abiding individuals from, *inter alia*, keeping, bearing, buying, selling, transferring, possessing, and/or transporting arms. Plaintiffs desire a judicial declaration that Executive Order N-33-20, Safer at Home Order For Control of COVID-19, the Los Angeles County Sheriff's March 26, 2020 Order and Defendants' policies, practices, and customs violate Plaintiffs' constitutional rights.

## INJUNCTIVE RELIEF ALLEGATIONS

54.    Plaintiffs are presently and continuously injured by Defendants' enforcement of Executive Order N-33-20, Safer at Home Order For Control of COVID-19, the Los Angeles County Sheriff's March 26, 2020 Order, and Defendants' policies, practices, and customs, insofar as those provisions violate Plaintiffs' rights under the Due Process, Second and Fourteenth Amendments by prohibiting the lawful acquisition, sale, transfer, transport, use, and ownership of constitutionally protected arms.

55.     If not enjoined by this Court, Defendants will continue to enforce Executive Order N-33-20, Safer at Home Order For Control of COVID-19, the Los Angeles County Sheriff's March 26, 2020 Order and Defendants' policies, practices, and customs in derogation of the constitutional rights of Plaintiffs and similarly situated law-abiding people.

56.     Plaintiffs have no plain, speedy, and adequate remedy at law. Except for the economic damages to Retailer Plaintiffs, damages are indeterminate or unascertainable and, in any event, would not fully redress any harm suffered by Plaintiffs because they are unable to engage in constitutionally protected activity.

**COUNT ONE**
**DEPRIVATION OF CIVIL RIGHTS**
**42 U.S.C. § 1983**
**(Right to Keep and Bear Arms)**

57.     Plaintiffs incorporate herein by reference paragraphs 1 through 56 as if fully set forth herein.

58.     There is an actual and present controversy between the parties.

59.     Executive Order N-33-20, Safer at Home Order For Control of COVID-19, the Los Angeles County Sheriff's March 26, 2020 Order and Defendants' policies, practices, and customs prohibit law-abiding individuals from purchasing firearms and ammunition for the purpose of protecting themselves and their families (or for any other purpose). Independently and collectively, these acts stand as a bar

on firearms acquisition and ownership and amount to a categorical ban on and infringement of the right to keep and bear arms and the privileges and immunities of citizenship.

60.     State and local governments do not have the power to categorically prohibit the keeping and bearing of arms by law-abiding people, nor to close off the channels of access by which people lawfully obtain and transfer firearms and ammunition.

61.     Defendants' directives in Executive Order N-33-20, Safer at Home Order For Control of COVID-19, and the Los Angeles County Sheriff's March 26, 2020 Order amount to a ban on purchasing and transferring firearms and ammunition. As a result, those law-abiding citizens who wish to comply with state laws, by submitting to, e.g., background checks, waiting period laws, in-person transfers and safety tests and demonstrations, are foreclosed from acquiring firearms and ammunition legally.

62.     Defendants' policies, laws, acts, and omissions are untailored and irrational, and expressly allow some goods retailers to continue operating but prevent Retailer Plaintiff and others similarly situated from operating and selling their goods to their customers and members of the public, including Individual Plaintiffs and Institutional Plaintiffs' members, violating Plaintiffs' rights.

63.     Defendants' policies, practices, customs and enforcement of Executive Order N-33-20, Los Angeles County Safer at Home Order For Control of COVID-19, and the Los Angeles County Sheriff's March 26, 2020 Order independently stands as a ban on purchasing and transferring firearms and ammunition.

64.     Individual and Retailer Plaintiffs reasonably fear that Defendants will enforce against them Executive Order N-33-20, Los Angeles County Safer at Home Order for Control of COVID-19, the Los Angeles County Sheriff's March 26, 2020 Order and Defendants' related policies, practices, and customs.

65.     Institutional Plaintiffs reasonably fear that Defendants will enforce against their members, including Individual and Retailer Plaintiff and similarly situated persons, the challenged laws, policies, practices, and customs.

66.     Defendants' laws and ongoing enforcement and threats of enforcement of Executive Order N-33-20, Safer at Home Order For Control of COVID-19, the Los Angeles County Sheriff's March 26, 2020 Order against the Plaintiffs and/or the Plaintiffs' members, as well as their ongoing customs, polices, and/or practices of Executive Order N-33-20, Los Angeles County Safer at Home Order For Control of COVID-19, and the Los Angeles County Sheriff's March 26, 2020 Order, violate the Second and Fourteenth Amendments.

67.     Defendants' laws and ongoing enforcement and threats of enforcement of Executive Order N-33-20, Safer at Home Order For Control of COVID-19, the

Los Angeles County Sheriff's March 26, 2020 Order against the Plaintiffs and/or the Plaintiffs' members, as well as their ongoing policy or practice of Executive Order N-33-20, Safer at Home Order For Control of COVID-19, the Los Angeles County Sheriff's March 26, 2020 Order, prevents the Plaintiffs, Plaintiffs' members, and those similarly situated from exercising their rights, including the purchase, sale, and transfer of constitutionally protected arms including but not limited to firearms, ammunition, magazines, and appurtenances, thus causing injury and damage that is actionable under 42 U.S.C. § 1983.

## COUNT TWO
### 42 U.S.C. § 1983
### (Due Process / Vagueness)

68.    Plaintiffs incorporate herein by reference paragraphs 1 through 67 as if fully set forth herein.

69.    Plaintiffs are comprised of individuals, firearms retailers, and institutional entities who desire to shop, purchase, transfer and sell firearms, including ammunition, magazines, and appurtenances, but are precluded from doing so — without fear of criminal prosecution — as a direct result of the unlawful, vague, and unduly overbroad laws, orders, policies, practices, customs, and enforcement issued by Defendants in this case. Retailer Plaintiff, and other similarly-situated retailers, should be deemed "Essential Businesses" exempted from the mandates under the subject Orders.

70.     For example, Paragraph 13(a) of the County's "Safer at Home" Order encompasses "Essential Businesses" including "establishments engaged in the retail sale of … other household consumer products … [including] stores that sell … products necessary to maintaining the safety … and essential operation of residences." Paragraph 13(h) includes "Essential Businesses" such as "other service providers who provide services to maintain the safety … and essential operation of properties and other Essential Businesses." Paragraph 13(n) encompasses businesses that "supply other Essential Businesses with the support or supplies necessary to operate." Paragraph 13(o) protects "businesses that ship … goods … to residences, Essential Businesses[.]"

71.     Retailer Plaintiff, and others similarly situated, are firearms dealers supplying retail sales and services for self-defense and law enforcement (itself an essential service). These sales include items like firearms, ammunition, accessories, appurtenances, survival gear, and other consumer products both at retail and on-line (including shipping). The services include those that are mandated by state law to effect firearm transfers, such as the initiation of background checks, administration and collection of personal identifying data (including fingerprints), administration of waiting period laws, administration of firearm safety tests and safe handling demonstrations, all of which must be conducted in person pursuant to state law.

72.     These same Plaintiffs fall within the above "Essential Businesses" definitions because they are establishments engaged in the retail sale of household consumer products necessary for maintaining the safety of its residents, including the sale or transfer of pistols, rifles, shotguns, ammunitions, accessories, and components necessary for the defense of their home, selves, and defense of others. They are service providers who provide products such as firearms, ammunition, and servicing of same that are needed to maintain the safety and essential operation of residences (home and personal defense) and other essential businesses.  They are businesses that ship goods to residences and essential businesses.

73.     However, the subject Orders do not define critical terms; they encompass protected and non-protected actions; they omit definitions of key terms; they operate as complete bans; they do not require specific intent to commit an unlawful act; and they permit and encourage arbitrary and erratic arrests and convictions with too much discretion committed to law enforcement. This breadth and built-in vagueness run afoul of the due process clause because the subject Orders fail to give adequate guidance to those who would be law-abiding, to advise them of the nature of the offense with which they may be charged, or to guide courts in trying those who are accused of violating such Orders. Plaintiffs, including retailers and consumers, cannot be required to guess at the meaning of such Orders. As a direct result, such Orders must be invalidated on their face and as applied.

74.     The subject Orders are also unconstitutionally vague and overly broad because they are worded in a standard-less way that invites arbitrary enforcement. This impermissible uncertainty is illustrated when sheriffs from two different counties (San Diego and Los Angeles) openly and publicly disagree on whether gun shops/firearm retail stores (including shipping activities) are essential businesses or not. If local sheriffs cannot agree on what businesses are or are not "covered," then it is neither reasonable nor feasible for law-abiding Plaintiffs to understand and abide by such Orders.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

I.     A declaratory judgment that Executive Order N-33-20 and State Defendants' policies, practices, and customs that individually and/or collectively violate the Second and Fourteenth Amendments;

II.    A declaratory judgment that Local Defendants' Safer at Home Order For Control of COVID-19, the Los Angeles County Sheriff's March 26, 2020 Order, and Defendants' policies practices, and customs individually and/or collectively violate the Second and Fourteenth Amendments;

III.   A declaratory judgment that Defendants' orders, policies and practices which amount to a prohibition on the acquisition, selling, transferring,

and purchase of firearms and ammunition during declared states of emergency violates the Second and Fourteenth Amendments;

IV.  A preliminary and permanent injunction restraining Defendants and their officers, agents, servants, employees, and all persons in concert or participation with them who receive notice of the injunction, from enforcing Executive Order N-33-20, Los Angeles County Safer at Home Order For Control of COVID-19, the Los Angeles County Sheriff's March 26, 2020 Order, and Defendants' policies, practices, and customs that individually and/or collectively prohibit the purchase and sale of firearms and ammunition;

V.  An injunction directing Defendants and their officers, agents, servants, employees, and all persons in concert or participation with them who receive notice of the injunction, to cease and desist enacting or enforcing any Order or declaration that firearm and ammunition retailers are not an essential business, or, in the alternative, an injunction preventing Defendants from enforcing their laws, policies, practices, and customs that prevent individuals from buying and selling arms in accordance with State and federal laws;

VI.  Nominal damages against Local Defendants;

VII. All other and further relief, including injunctive relief, against Defendants as necessary to effectuate the Court's judgment, or as the Court otherwise deems just and equitable; and,

VIII. Attorney's fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable law.

Respectfully submitted this 27th day of March 2020.

SEILER EPSTEIN LLP


/s/ George Lee
George M. Lee

Attorney for Plaintiffs