PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
JIN S. CHOI, State Bar No. 180270
jchoi@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California 91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Specially Appearing Defendants
County of Los Angeles, Sheriff Alex Villanueva, and Barbara Ferrer

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| ADAM BRANDY, an individual; JONAH MARTINEZ, an individual; DAEMION GARRO, an individual; DG 2A ENTERPRISES INC., d.b.a. GUN WORLD; JASON MONTES, an individual; WEYLAND-YUTANI LLC, d.b.a. MATCH GRADE GUNSMITHS; ALAN KUSHNER, an individual; THE TARGET RANGE; TOM WATT, an individual; A PLACE TO SHOOT, INC.; SECOND AMENDMENT FOUNDATION; CALIFORNIA GUN RIGHTS FOUNDATION; NATIONAL RIFLE ASSOCIATION OF AMERICA; and FIREARMS POLICY COALITION, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> ALEX VILLANUEVA, in his official capacity as Sheriff of Los Angeles County, California, and in his capacity as the Director of Emergency Operations; GAVIN NEWSOM, in his official capacity as Governor and Commander in Chief of the State of California; SONIA Y. ANGELL, in her official capacity as California Public Health Officer; BARBARA FERRER, in her official capacity as Director of Los Angeles County Department of Public Health; | Case No. 2:20-cv-02874-AB-SK <br><br> Honorable André Birotte, Jr. <br><br> **SPECIALLY APPEARING DEFENDANTS COUNTY OF LOS ANGELES, SHERIFF ALEX VILLANUEVA, AND BARBARA FERRER'S OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> *[Declarations of Sheriff Alex Villanueva and Paul B. Beach filed concurrently herewith]* |

1

COUNTY OF LOS ANGELES;
ERIC GARCETTI, in his official
capacity as Mayor of the City of Los
Angeles, California; CITY OF LOS
ANGELES, CALIFORNIA; JUSTIN
HESS, in his official capacity as City
Manager and Director of Emergency
Services for the City of Burbank; and
CITY OF BURBANK,
CALIFORNIA,

Defendants.

PLEASE TAKE NOTICE that Specially Appearing Defendants County of Los Angeles, Sheriff Alex Villanueva (in his official capacity), and Barbara Ferrer (in her official capacity) (collectively, "the County Defendants") hereby oppose Plaintiffs' *Ex Parte* Application for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue ("Application").[1]

For the reasons stated in the Memorandum of Points and Authorities below, the County Defendants respectfully request that the Court deny Plaintiffs' Application. This Opposition will be based upon the attached Memorandum of Points and Authorities, the Declarations of Sheriff Alex Villanueva and Paul B. Beach filed and served herewith, the pleadings, documents and records on file

//

//

//

//

---

[1] The County Defendants have not yet been served with either the original Complaint filed on March 27, 2020 (ECF 1) or the First Amended Complaint filed on March 29, 2020 (ECF 9). The County Defendants, therefore, are specially appearing for the limited purpose of responding to this Application.

BRANDY\OPP TO EPA

herein, and upon such other further oral or documentary matters as may be presented at the hearing (if any) on this Application.

Dated:  April 3, 2020                    LAWRENCE BEACH ALLEN & CHOI, PC


By _____/s/  Paul B. Beach_____
                    Paul B. Beach
                    Attorneys for Specially Appearing
                    Defendants County of Los Angeles,
                    Sheriff Alex Villanueva, and
                    Barbara Ferrer

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.    Introduction.

Plaintiffs' *ex parte* Application for a Temporary Restraining Order ("Application") against Defendants the County of Los Angeles, Sheriff Alex Villanueva, and Director of Los Angeles County Department of Public Health Director Barbara Ferrer (the "County Defendants") must be denied because the Application is without merit and, as to them, is moot given the absence of any actual case or controversy involving conduct that could be subject to a temporary restraining order or preliminary injunction.

Plaintiffs' fundamental contention is that the County Defendants designated Los Angeles County firearms and ammunition retailers as "non-essential" businesses subject to closure under Governor Newsom's Executive Order N-33-20, thereby allegedly infringing upon their Second and Fourteenth Amendment rights. Specifically, Plaintiffs reference the County of Los Angeles Department of Public Health's March 19, 2020 "Safer at Home Order for Control of COVID-19" requiring indoor malls, shopping centers, playgrounds and non-essential businesses to close.  (ECF 14-1 at p. 3:20-4:4.)  However, neither this Order, nor any other COVID-19 response-related Order issued by the Department of Public Health, ever indicated that firearms retailers operating in the County of Los Angeles would be deemed to be "non-essential" businesses subject to immediate closure.

Plaintiffs thus rely on Sheriff Villanueva's March 26, 2020 online statement that "gun and ammunition stores are not considered essential businesses and must close to the general public".  (ECF 14-1 at p. 4:18-19:8.)  Sheriff Villanueva, however, publicly announced at 7:24 p.m. on March 30, 2020 (before the instant Application was filed with the Court), that the Los Angeles County Sheriff's Department "will ***not*** order or recommend closure of businesses that sell or repair firearms or sell ammunition".  (Declaration of Sheriff Alex Villanueva ("Villanueva Decl."), ¶ 20; Declaration of Paul B. Beach ("Beach Decl."), ¶ 6, Ex.

BRANDY\OPP TO EPA

"A" (emphasis added).)  This announcement was made based on and in accordance with the March 28, 2020 Advisory Memorandum issued by the United States Department of Homeland Security, which identified as "essential workers" those supporting the operation of firearm or ammunition product manufacturers, retailers, importers, distributors and shooting ranges during the national COVID-19 pandemic response.  (Villanueva Decl., ¶ 19.)  Prior to the federal government's very recent advisement as to the essential nature of these workers, the multitude of emergency orders issued by federal and state officials and agencies, including Governor Newsom, had not provided any specific guidance as to whether firearms retailers should be deemed to be "essential" businesses during this unprecedented and constantly-evolving international emergency.

With Sheriff Villanueva's March 30, 2020 public pronouncement that the Sheriff's Department's position will align directly with that of the federal government, the alleged constitutional violations for which Plaintiffs seek redress are not occurring and will not occur.  (Villanueva Decl., ¶¶ 19-20.)  Yet, Plaintiffs' Application makes no reference to the March 30th pronouncement even though it irrefutably supersedes the earlier March 26th statement from Sheriff Villanueva.[2]

Because there is no actionable dispute, case or controversy concerning the relief being sought by Plaintiffs in their Application, it must be denied with respect to the County Defendants.

//
//
//
//
//

_____

[2] Since the filing of this Application, County Defendants' counsel have repeatedly raised this issue – the absence of any case or controversy justifying any injunctive relief – with Plaintiffs' counsel.  (Beach Decl., ¶¶ 8-10, Ex. "C".)

2

1
2
3
4

**2.**     <u>Plaintiffs' Application For A Temporary Restraining Order Against The County Defendants Must Be Denied Because The County Defendants Are Not Preventing The Firearms Industry From Lawfully Conducting Business.</u>

5
6
7
8
9
10
11
12
13
14
15

Article III of the United States Constitution limits federal court jurisdiction to "actual, ongoing cases or controversies."  *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990).  "A case or controversy must exist at all stages of review, not just at the time the action is filed." *Wolfson v. Brammer*, 616 F.3d 1045, 1053 (9th Cir. 2010).  "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000); *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (if "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome", the case is moot); *see also United States v. Geophysical Corp. of Alaska*, 732 F.2d 693, 698 (9th Cir. 1984) ("[a] claim is moot if it has lost its character as a present, live controversy.").

16
17
18
19
20
21
22
23
24
25
26
27

It is well-established that an injunctive relief claim is rendered moot as a matter of law by the voluntary cessation of the alleged wrongful activity if "(1) there is no reasonable expectation that the [alleged] wrong will be repeated, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation."  *Barnes v. Healy*, 980 F.2d 572, 580 (9th Cir. 1992).  In other words, a claim becomes moot when it is clear that the allegedly wrongful behavior could not reasonably be expected to recur. *Friends of the Earth, Inc. v. Laidlaw Environmental Services,* 528 U.S. 167, 190 (2000); *see e.g., Hendrickson v. eBay Inc.,* 165 F. Supp.2d 1082, 1095 (C. D. Cal. 2001) (summary judgment on Lanham Act claim for injunctive relief where defendant ceased running allegedly infringing advertisements and had no intention of running the advertisements in the future).

28

BRANDY\OPP TO EPA

1      Moreover, while a "temporary restraining order preserves the status quo

2   and prevents irreparable harm until a hearing can be held on a preliminary-

3   injunction application", the present "status quo" is fundamentally different from

4   the "status quo" upon which this Application is based.  *See American Civil*

5   *Liberties Union of Northern California v. Burwell*, 2017 WL 4551492, at *6

6   (N.D. Cal. Oct. 11, 2017) (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters*

7   *& Auto Truck Drivers*, 415 U.S. 423, 429 (1974)).  In fact, that "status quo" had

8   already changed with Sheriff Villanueva's March 30 announcement from what

9   Plaintiffs state in their Application.

10      Here, there is no dispute that Plaintiffs challenge the purported effects of

11   Sheriff Villanueva's statement of March 26, 2020 despite the fact that on March

12   30, 2020, after the federal government provided guidance on a national level,

13   Sheriff Villanueva made it explicitly clear that the firearms industry will be

14   deemed "essential" in direct conjunction with the federal government's March 28,

15   2020 guidance on this issue.

16      The County Defendants anticipate that Plaintiffs will argue, based on pure

17   speculation and conjecture, that an injunction is needed because Sheriff

18   Villanueva *might* reverse his position.  First, Plaintiffs' assertion is without merit.

19   (Villanueva Decl., ¶¶ 20-21.)  In the Ninth Circuit, it is clear that such speculation

20   and conjecture are insufficient as a matter of law to create a factual dispute that

21   overrides the irrefutable mootness of the subject legal claim.  *McIndoe v.*

22   *Huntington Ingalls Inc.*, 817 F.3d 1170, 1173 (9th Cir. 2016) ("arguments based

23   on conjecture or speculation are insufficient...."); *R.W. Beck & Assocs. v. City &*

24   *Borough of Sitka*, 27 F.3d 1475, 1481 (9th Cir. 1994) (arguments based on

25   conjecture or speculation are insufficient to raise a genuine issue of material fact).

26   Moreover, government officials must be afforded a presumption of good faith

27   with respect to formal policy announcements, like that which Sheriff Villanueva

28   made here.  *See Sossamon v. Lone Star of Texas*, 560 F.3d 316, 325 (5th Cir.

2009) ("Without evidence to the contrary, we assume that formally announced changes to official governmental policy are not mere litigation posturing.").

Indeed, in carrying out their immense responsibilities as leaders of the largest County in the United States, the County Defendants have had to deal with countless enormous and unprecedented challenges in responding to the ever-growing COVID-19 pandemic.  On March 31, 2020, the federal government announced that even with the continuation of national stay-at-home guidelines and even more aggressive measures instituted by various states, including California, , the currently estimated range of COVID-19 related American deaths is between 100,000 and 240,000.[3]

Thus, the sheer size, scope and significance of the County Defendants' task cannot be over-estimated.  An untold and unknowable number of lives are at stake, and every moment counts as County officials try their very best to minimize the scale of this relentlessly expanding world-wide medical, economic and human tragedy.

In the midst of these up-to-now unimaginable circumstances, the County Defendants are having to defend against this Application, which seeks immediate relief for an alleged constitutional violation that does not exist.  Los Angeles County residents are free to lawfully purchase firearms and ammunition at their local firearms retailers, and they will continue to be free to do so in accordance with longstanding state and federal regulations.  Thus, there is no need for an injunction against the County Defendants, and the Application must be denied.

---

[3] https://www.cnn.com/2020/03/31/politics/trump-white-house-guidelines-coronavirus/index.html.  Unfortunately, these estimates are just that – estimates. No one knows how much higher the actual number of deaths may ultimately be.

5

3.      **<u>Not Only Is This Action Moot As To The County Defendants, The</u>**
**<u>Application Should Be Denied Because Plaintiffs' Claims Have No</u>**
**<u>Merit.</u>**

Plaintiffs' Memorandum of Points and Authorities mostly focuses on their argument that Plaintiffs will succeed on the merits of their constitutional claims. (*See* ECF 14-1 at pp. 8:9-25:22.)  The County Defendants do not respond to these arguments in-depth because they are based on a factual scenario that, with respect to the County Defendants, does not exist, thereby rendering moot Plaintiffs' corresponding legal arguments.

Nevertheless, the County Defendants alert the Court to a very recent order from this District Court denying a plaintiff's application for a temporary restraining order challenging the enforcement of a very similar Stay at Home Order issued by the County of Ventura in the matter of *McDougall v. County of Ventura*, Case No. 20-CV-02927-CBM-(ASx).  (Beach Decl., ¶ 11; Ex. "E".)[4]

On April 1, 2020, the Honorable Consuelo B. Marshall ***denied*** a plaintiff's TRO application, noting that Ventura County's Stay at Home Order did not "specifically target handgun ownership, does not prohibit the ownership of a handgun outright, and is temporary."  (Beach Decl., Ex. "E.")  Judge Marshall ruled further that Ventura County's Order promoted a substantial and compelling government interest ("protecting the public health by limiting the spread of a virulent disease"), the balance of equities did not favor the granting of an injunction, and the County's "'complex, subtle, and professional decisions'" are entitled to deference.  *Id.* (quoting *Winter v. Nat. Res. Def. Council*, 555 U.S. 7,

---

[4] The *McDougall* plaintiff alleged that he purchased a handgun at the Camarillo Gun Store on March 9, 2020 and that the Ventura Order now prohibits him, in violation of the Second Amendment, from having his background check completed because Ventura County gun stores are now closed until further notice. (Ex. "E".)  The *McDougall* plaintiff's allegations are substantively identical to the claims of Plaintiffs Brandy and Martinez in this action.  (ECF 9 at p: 5:5-28.)

24 (2008)).  Accordingly, Judge Marshall ruled that the plaintiff had failed to demonstrate that the public interest favors the injunction and denied his application.  (Beach Decl., Ex. "E.")

With the same set of public interests of the highest importance at stake in the significantly larger County of Los Angeles (with a population of over 10 million residents), Judge Marshall's constitutional analysis applies even more compellingly to the injunctive relief claims alleged in this action.  Simply put, the required balancing of interests mandates the denial of the instant Application.

The County Defendants also draw the Court's attention to controlling Ninth Circuit law that Plaintiffs omitted from their lengthy brief.  In *Teixeira v. County of Alameda*, 873 F.3d 670 (9th Cir. 2017), the Ninth Circuit *en banc* thoroughly examined the historical underpinnings of the Second Amendment in connection to the regulation of the sales of firearms, and definitively held that "the Second Amendment does ***not*** independently protect a proprietor's right to sell firearms." *Id.* at 690 (emphasis added).  Despite the Ninth Circuit's recent pronouncement that firearms retailers do not enjoy a constitutional right to sell firearms under the Second Amendment, Plaintiffs ignore this authority and insist that their rights have been infringed.  Plaintiffs' contention has no merit.

Finally, in the interest of judicial economy, the County Defendants hereby join in and incorporate herein by the reference the constitutional arguments made by the other defendants in their respective oppositions to this Application.

Dated:  April 3, 2020                     LAWRENCE BEACH ALLEN & CHOI, PC


                                          By _____/s/ Paul B. Beach_____
                                               Paul B. Beach
                                               Attorneys for Specially Appearing
                                               Defendants County of Los Angeles,
                                               Sheriff Alex Villanueva, and
                                               Barbara Ferrer

7