UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | CV 20-02874-AB (SKx) | Date: | April 6, 2020 |
|---|---|---|---|

| Title: | *Adam Brandy, et al. v. Alex Villanueva, et al.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER **DENYING** PLAINTIFFS' EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER (DKT. NO. 14)

### I. INTRODUCTION

Before the Court is Plaintiffs Adam Brandy's, Jonah Martinez's, Daemion Garro's, DG2A Enterprises, Inc.'s, Jason Montes's, Weyland-Yutani LLC's, Alan Kushner's, The Target Range's, Tom Watt's, A Place To Shoot's, Second Amendment Foundation's, California Gun Rights Foundation's, National Rifle Association of America's, and Firearms Policy Coalition, Inc.'s ("Plaintiffs") *ex parte* application for a Temporary Restraining Order ("TRO") against Defendants Alex Villanueva, Gavin Newsom, Sonia Y. Angell, Barbara Ferrer, County of Los Angeles, City of Los Angeles, and Eric Garcetti ("Defendants"). (Dkt. No. 14.) Defendants oppose Plaintiffs' *ex parte* application. (Dkt. Nos. 19, 23, 24.) For the reasons stated below, the Court **DENIES** Plaintiffs' *ex parte* application.

## II.     BACKGROUND

On March 4, 2020, the Governor of California, Gavin Newsom, declared a state of emergency in California as a result of the spread of COVID-19, a dangerous illness caused by SARS-CoV-2 (i.e., the novel coronavirus). (Dkt. Nos. 14-2, 21.)

On March 19, 2020, Governor Newsom signed Executive Order N-33-20, which ordered "all individuals living in the State of California to stay at home or at their place of residence except as needed to maintain continuity of operations of the federal critical infrastructure sectors[.]" (Dkt. No. 14-2.) Noting that "[t]he federal government has identified 16 critical infrastructure sectors," Executive Order N-33-20 states that "Californians working in those 16 critical infrastructure sectors may continue their work . . . ." (*Id*.) The Executive Order further provides that the Public Health Officer "may designate additional sectors as critical in order to protect the health and well-being of all Californians." (*Id*.) On March 26, Governor Newsom publicly stated that he would defer to local sheriffs as to whether firearms and ammunition retailers constitute essential businesses that may remain open. (Dkt. No. 23-2.)

On the same day, March 19, 2020, the County of Los Angeles Department of Public Health issued the "Safer at Home Order for Control of COVID-19" ("County Order"). (Dkt. No. 14-2.) Pursuant to the County Order, the Los Angeles Health Officer ordered, among other things, the closure of all non-essential retail businesses, including all indoor malls and indoor shopping centers. (*Id*.) On March 30, 2020, Los Angeles County Sheriff Alex Villanueva ("Sheriff Villanueva") publicly announced that the Los Angeles County Sheriff's Department will treat businesses that sell or repair firearms, or sell ammunition, as essential businesses under the County Order, allowing them to continue operations. (Dkt. No. 23-2.). Sheriff Villanueva's March 30, 2020 announcement reversed a prior decision to categorize firearms and ammunition retailers as non-essential businesses under the County Order. (*Id*.)

On March 19, 2020, the Mayor of the City of Los Angeles, Eric Garcetti, issued the "Safer at Home" Order, which ordered "all businesses within the City of Los Angeles . . . to cease operations that require in-person attendance by workers at a workplace[,]" with the exception of certain essential businesses. (Dkt. No. 20-1). The March 19, 2020 Safer at Home order did not include businesses that sell or repair firearms or sell ammunition as essential businesses. (*Id*.) Mayor Garcetti issued a revised order on April 1, 2020 ("City Order"), which similarly orders the

closure of all non-essential businesses and does not include firearms or ammunition retailers as essential businesses. (*Id.*)

Plaintiffs, which include individuals, businesses, and gun rights organizations, seek to enjoin enforcement of all three of these orders on the grounds that the orders infringe Plaintiffs' rights under the Second Amendment to the United States Constitution and that the orders are unconstitutionally vague.

### III.   LEGAL STANDARD

To obtain a TRO, Plaintiffs must show: (1) that they are likely to succeed on the merits of the claims, (2) that they are likely to suffer irreparable injury absent issuance of a TRO, (3) that the balance of equities tips in their favor, and (4) that injunctive relief is in the public interest. *See Santos v. JP Morgan Chase Bank, N.A.*, No. CV 10-9712, 2010 WL 5313740, at *1 (C.D. Cal. Dec. 17, 2010).

### IV.   DISCUSSION

#### a. Plaintiffs' Second Amendment claim against Executive Order N-33-20 is not ripe for judicial resolution.

Defendants Gavin Newsom and Sonia Y. Angell ("State Defendants") oppose Plaintiffs' TRO application on the ground that the Second Amendment claim against Executive Order N-33-20 is not ripe for judicial resolution.

"For a suit to be ripe within the meaning of Article III [of the United States Constitution], it must present concrete legal issues, presented in actual cases, not abstractions." *See Colwell v. Dept. of Health and Human Servs.*, 558 F.3d 1112, 1123 (9th Cir. 2009) (alteration added) (internal quotation marks omitted). Although Plaintiffs need not await arrest or prosecution, "the threat of enforcement must at least be credible, not simply imaginary or speculative." *See Thomas v. Anchorage Equal Rights Com'n*, 220 F.3d 1134, 1140 (9th Cir. 2000) (en banc). (internal quotation marks omitted).

With respect to Executive Order N-33-20, State Defendants have shown that the order does not require the closure of firearms or ammunition retailers. In particular, under Executive Order N-33-20, the decision to order the closure of firearms retailers lies with county sheriffs, not with the Governor or Public Health Officer. (Dkt. No. 23-2). Although it is hypothetically feasible that the State of California could issue a subsequent order requiring the closure of firearms and

ammunition retailers, such a dispute "hangs on future contingencies that may or may not occur," making Plaintiffs' challenge too speculative to present a justiciable controversy within the meaning of Article III. *See In re Coleman*, 560 F.3d 1000, 1005 (9th Cir. 2009).

### b. Plaintiffs' Second Amendment claim against the County Order presents a case or controversy.

Defendants County of Los Angeles, Sheriff Villanueva, and Barbara Ferrer oppose Plaintiffs' TRO application on the ground that Plaintiffs' Second Amendment claim against the County Order does not present a case or controversy within the meaning of Article III.

Under Article III, "[a] claim is moot if it has lost its character as a present, live controversy." *Rosemere Neighborhood Ass'n v. EPA*, 581 F.3d 1169, 1172–73 (9th Cir. 2009). Under the voluntary cessation exception to mootness, however, "the mere cessation of [allegedly] illegal activity in response to pending litigation does not moot a case, unless the party alleging mootness can show that the allegedly wrongful behavior could not reasonably be excepted to recur." *Id*. (alteration added) (internal quotation marks omitted). Although a statutory change is "usually enough to render a case moot . . . a policy change not reflected in statutory changes or even in changes in ordinances or regulations will not necessarily render a case moot." *Rosebrock v. Mathis*, 745 F.3d 963, 971 (9th Cir. 2014) (internal quotation marks omitted). As a general matter, courts "are less inclined to find mootness where the new policy . . . could easily be abandoned or altered in the future." *Id*. at 972. (internal quotation marks omitted).

Defendants County of Los Angeles, Sheriff Villanueva, and Barbara Ferrer argue that Plaintiffs' Second Amendment claim against the County Order is now moot because Sheriff Villanueva has stated that firearms and ammunition retailers constitute essential businesses under the County Order and thus may remain open. However, this change in policy is not reflected in changes in ordinances or regulations, but rather came from Sheriff Villanueva's public announcement. (Dkt. No. 23-2). Further, Sheriff Villanueva previously ordered the closure of firearms and ammunition retailers on March 24, 2020, and Sheriff Villanueva states in his declaration that he "do[es] not know, nor would it be appropriate to speculate, how in the future the COVID-19 crisis is going to impact the County that [he] is sworn to protect." (*Id*.) (alterations added). Accordingly, because Sheriff Villanueva's shift in policy could easily be abandoned or altered in the future, Plaintiffs' Second

Amendment claim against the County Order has not lost its character as a present, live controversy.

### c. Plaintiffs fail to demonstrate a likelihood of success on the merits of their Second Amendment claim against the County Order or City Order.

Defendants County of Los Angeles, Sheriff Villanueva, Barbara Ferrer, City of Los Angeles, and Eric Garcetti oppose Plaintiffs' TRO application against the County Order and City Order on the ground that Plaintiffs have not demonstrated a likelihood of success on the merits of their claims.

To determine the merits of a Second Amendment claim, courts have adopted a two-step inquiry which "(1) asks whether the challenged law burdens conduct protected by the Second Amendment and (2) if so, directs courts to apply an appropriate level of scrutiny." *See United States v. Chovan*, 735 F.3d 1127, 1136 (9th Cir. 2013). Where it is unclear whether a challenged law burdens conduct protected by the Second Amendment, courts follow a "well-trodden and judicious course" of assuming that the Second Amendment applies and analyzing the regulation under the appropriate level of scrutiny. *See Pena v. Lindley*, 898 F.3d 969, 976 (9th Cir. 2018) (internal quotation marks omitted).

Assuming without deciding that the County and City Orders burden conduct protected by the Second Amendment by "affecting the ability of law-abiding citizens to possess [a handgun]," *Fyock v. Sunnyvale*, 779 F.3d 991, 999 (9th Cir. 2015), intermediate scrutiny is warranted because the County and City Orders are "simply not as sweeping as the complete handgun ban at issue in [*District of Columbia v. Heller*, 554 U.S. 570 (2008).]" *Id.*; *see also Donald McDougal v. Cty. of Ventura Cal.*, 20-CV-02927-CBM-ASx (C.D. Cal. March 31, 2020) (holding that the City Order is subject to intermediate scrutiny).

In applying intermediate scrutiny to the County and City Orders, the Court must consider (1) whether the government's stated objective is significant, substantial, or important, and (2) whether there is a reasonable fit between the challenged regulation and the asserted objective. *See Chovan*, 735 F.3d at 1139. The City's and County's stated objective—reducing the spread of COVID-19, a highly dangerous and infectious disease—undoubtedly constitutes an important government objective. Moreover, because this disease spreads where "[a]n infected person coughs, sneezes, or otherwise expels aerosolized droplets containing the virus," (Dkt. No. 21) the closure of non-essential businesses, including firearms

and ammunition retailers, reasonably fits the City's and County's stated objectives of reducing the spread of this disease. Accordingly, Plaintiffs fail to demonstrate a likelihood of success on the merits of the Second Amendment claim against the County and City Orders.

### d. Plaintiffs fail to demonstrate a likelihood of success on the merits of their Due Process claim.

Plaintiffs challenge Executive Order N-33-20, the County Order, and the City Order on the additional ground that these orders are unconstitutionally vague.

To demonstrate that a challenged statute is vague in violation of the Due Process Clause, Plaintiffs must show that the law is "so vague that it fails to give ordinary people fair notice of the conduct it punishes, or [is] so standardless that it invites arbitrary enforcement." *See Johnson v. United States*, 135 S. Ct. 2551, 2556 (2015) (alteration added).

All three orders at issue in this case are both clear and explicit. Under Executive Order N-33-20, all Californians are ordered to stay home or at their place of residence, with the exception of Californians working in the critical infrastructure sectors designated by the federal government and California's Public Health Officer. Under the County and City Orders, all non-essential businesses are ordered closed, with the exception of numerous categories of businesses delineated in detail in both orders. (Dkt. Nos. 14-2, 20-2.) Both orders extensively define which businesses are permitted to remain open, and which businesses must close. (*see* Dkt. Nos. 14-2, 20-2.) Accordingly, Plaintiffs likely cannot show that the orders fail to give ordinary people fair notice of what conduct is prohibited or invite arbitrary enforcement.

## V. CONCLUSION

For the reasons stated above, Plaintiffs' *ex parte* application for a TRO is **DENIED**.

**IT IS SO ORDERED**.