PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
JIN S. CHOI, State Bar No. 180270
jchoi@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California 91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendants
County of Los Angeles, Sheriff Alex Villanueva, and Barbara Ferrer

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM BRANDY, an individual; et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ALEX VILLANUEVA, in his official capacity as Sheriff of Los Angeles County, California, and in his capacity as the Director of Emergency Operations; et al., <br><br> Defendants. | Case No. 2:20-cv-02874-AB-SK <br><br> Honorable Andre Birotte, Jr. <br><br> **DEFENDANTS COUNTY OF LOS ANGELES, SHERIFF ALEX VILLANUEVA, AND BARBARA FERRER'S ANSWER TO FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF; DEMAND FOR JURY TRIAL** |

TO THE HONORABLE COURT, ALL PARTIES, AND TO THEIR COUNSEL OF RECORD:

COME NOW Defendants ALEX VILLANUEVA, BARBARA FERRER, and COUNTY OF LOS ANGELES ("Defendants") and answering the First Amended Complaint ("FAC") filed by Plaintiffs ADAM BRANDY, *et al.* ("Plaintiffs") on file herein, for itself and for no other defendant, admit, deny, and allege as follows:

1. Answering Paragraphs 1, 2, 3, 5, 35, 37, and 85 of the FAC, Defendants admit that citizens are entitled to various rights and legal protections under federal and state law, and otherwise, the allegations contained therein are

1

vague, ambiguous and argumentative, and on those grounds, deny each and every allegation contained therein.

2. Answering Paragraph 4 of the FAC, Defendants admit that responding to the COVID-19 Novel Coronavirus pandemic presents challenges to the government and that the inmates have been released from the Los Angeles County Jail as part of the County's response to the pandemic, and as to the remainder of the allegations set forth in Paragraph 4, the allegations contained therein are vague, ambiguous and argumentative, and on those grounds, deny each and every allegation contained therein.

3. Answering Paragraphs 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 36, 46, 47, 48, 50, 53, 65, 66, 67, 68, 69, 70, 71, 72, 77, 104 and 105 of the FAC, Defendants lack sufficient information or belief to enable them to answer said Paragraphs, and on that ground, deny each and every allegation contained therein.

4. Answering Paragraph 20 of the FAC, Defendants admit Gavin Newsom is the Governor of the State of California, issued Executive Order N-33-20 and has been sued in his official capacity. As to the remainder of the allegations set forth in Paragraph 7, these Defendants lack sufficient information or belief to enable them to answer said Paragraph and, on that ground, deny each and every allegation contained therein.

5. Answering Paragraph 21 of the FAC, Defendants admit that Sonia Y. Angell is the State of California Public Health Officer, and she has been sued in her official capacity. As to the remainder of the allegations set forth in Paragraph 21, these Defendants lack sufficient information or belief to enable them to answer said Paragraph and, on that ground, deny each and every allegation contained therein.

6. Answering Paragraph 22 of the FAC, Defendants admit the County of Los Angeles is a local governmental entity subject to the Constitution and laws of the State of California, and as to the remainder of the allegations set forth in Paragraph 22, these Defendants lack sufficient information or belief to enable them

to answer said Paragraph and, on that ground, deny each and every allegation contained therein.

7. Answering Paragraph 23 of the FAC, Defendants admit that Defendant Alex Villanueva has been sued in his official capacity as the Sheriff of the Los Angeles County Sheriff's Department. Defendants deny that Defendant Villanueva is the County of Los Angeles' Director of Emergency Operations.

8. Answering Paragraph 24 of the FAC, Defendants admit that Defendant Barbara Ferrer is the Director of the Los Angeles County Department of Public Health and that Defendant Ferrer has been sued in her official capacity.

9. Answering Paragraph 25 of the FAC, Defendants admit that that Defendant Justin Hess has been sued in his official capacity. As to the remainder of the allegations set forth in Paragraph 25, these Defendants lack sufficient information or belief to enable them to answer said Paragraph and, on that ground, deny each and every allegation contained therein.

10. Answering Paragraph 26 of the FAC, Defendants admit that that Defendant City of Burbank is a local governmental entity subject to the Constitution and laws of the State of California. As to the remainder of the allegations set forth in Paragraph 26, these Defendants lack sufficient information or belief to enable them to answer said Paragraph and, on that ground, deny each and every allegation contained therein.

11. Answering Paragraph 27 of the FAC, Defendants admit that that Defendant Eric Garcetti is the Mayor of the City of Los Angeles and that he has been sued in his official capacity. As to the remainder of the allegations set forth in Paragraph 27, these Defendants lack sufficient information or belief to enable them to answer said Paragraph and, on that ground, deny each and every allegation contained therein.

12. Answering Paragraph 28 of the FAC, Defendants admit that that Defendant City of Los Angeles is a local governmental entity subject to the

Constitution and laws of the State of California. As to the remainder of the allegations set forth in Paragraph 28, these Defendants lack sufficient information or belief to enable them to answer said Paragraph and, on that ground, deny each and every allegation contained therein.

13. Answering Paragraph 29 of the FAC, Defendants deny the Court has subject matter jurisdiction over Plaintiffs' claims against Defendants.

14. Answering Paragraph 30 of the FAC, assuming the Court does have subject matter jurisdiction over Plaintiffs' claims against Defendants, under the facts alleged, Defendants admit venue is proper.

15. Answering Paragraph 31 of the FAC, Defendants do not dispute the quoted text of the Second Amendment of the United States Constitution.

16. Answering Paragraphs 32 of the FAC, Defendants admit that the quoted excerpts are from the cited case.

17. Answering Paragraph 33 of the FAC, Defendants admit that the cited case addresses the referenced legal issue.

18. Answering Paragraph 34 of the FAC, Defendants admit that the quoted text is from the Fourteenth Amendment of the United States Constitution.

19. Answering Paragraph 38 of the FAC, Defendants admit that Governor Newsom proclaimed a State of Emergency related to COVID-19 on or about March 4, 2020.

20. Answering Paragraph 39 of the FAC, Defendants admit that Governor Newsom signed Executive Order N-33-20. As to the remainder of the allegations set forth in Paragraph 3j9, these Defendants lack sufficient information or belief to enable them to answer said Paragraph and, on that ground, deny each and every allegation contained therein.

21. Answering Paragraph 40 of the FAC, Defendants admit that the quoted textual excerpts are from Executive Order N-33-20. As to the remainder of the allegations set forth in Paragraph 40, these Defendants lack sufficient information or

belief to enable them to answer said Paragraph and, on that ground, deny each and every allegation contained therein.

22. Answering Paragraph 41 of the FAC, Defendants admit that the quoted textual excerpts is from the Executive Order N-33-20.

23. Answering Paragraph 42 of the FAC, Defendants admit that the quoted text is from California Government Code section 8665.

24. Answering Paragraph 43 of the FAC, Defendants admit that on March 19, 2020, the County of Los Angeles Department of Public Health issued the Safer at Home Order for Control of COVID-19 ("County Order") and the quoted textual excerpts are from the County Order which is a document that speaks for itself.

25. Answering Paragraph 44 of the FAC, Defendants admit that the quoted text is from California Health & Safety Code section 120295.

26. Answering Paragraph 45 of the FAC, Defendants admit that the various quoted textual excerpts are from the County Order which is a document that speaks for itself.

27. Answering Paragraph 49 of the FAC, the allegations contained therein is vague and ambiguous and on that basis, Defendants deny.

28. Answering Paragraph 51 of the FAC, Defendants admit on March 24, 2020, www.foxla.com published a news article regarding its interview with Defendant Villanueva but deny that the quoted description of Defendant Villanueva's purported statement is contained in the cited article.

29. Answering Paragraph 49 of the FAC, the allegations contained therein is vague and ambiguous and on that basis, Defendants deny.

30. Answering Paragraph 54 of the FAC, Defendants admit that the referenced image of the order regarding gun and ammunition stores was released on the Los Angeles County Sheriff's Department's Twitter page.

31. Answering Paragraph 55 of the FAC, Defendants admit that the cited APNews.com news article reported on Sheriff Villanueva's actions with respect to gun retailers in connection to the County Order.

32. Answering Paragraph 56 of the FAC, Defendants admit that that the cited APNews.com news article reported that Defendant Villanueva made the referenced statements, without directly quoting him.

33. Answering Paragraph 57 of the FAC, Defendants admit that the referenced order permitted firearms retailers to sell ammunition to security guard companies.  Defendants deny the allegation in the second sentence of this Paragraph.

34. Answering Paragraph 58 of the FAC, Defendants deny generally and specifically each allegation contained therein.

35. Answering Paragraph 59 of the FAC, the allegations contain quote excerpts from an unidentified source, and on that basis, Defendants deny.

36. Answering Paragraph 60 of the FAC, Defendants admit that the quoted textual excerpts are contained in the cited news article published by kcet.org.

37. Answering Paragraph 61 of the FAC, Defendants deny generally and specifically each allegation contained therein.

38. Answering Paragraph 62 of the FAC, Defendants admit that the referenced Associated Press News report attributed the quoted statements to County Supervisor Sheila Kuehl.

39. Answering Paragraph 63 of the FAC, Defendants admit that the referenced Associated Press News report attributed the quoted statements to Los Angeles City Attorney Mike Feuer.

40. Answering Paragraph 64 of the FAC, Defendants admit that this action was filed in this Court on March 27, 2020.

41. Answering Paragraphs 73, 74, 75 and 76, Defendants admit Plaintiffs have elected to identify the various COVID-19 related Orders referenced in this action.

42. Answering Paragraphs 78, 80, 81, 83, 84, 86, 87, 88, 89, 90, 91, 93, 94, 95, 97, 98, 99, 100, 102, 103, 106, 107, and 108 of the FAC, Defendants deny generally and specifically each allegation contained therein.

43. Answering Paragraph 79 of the FAC, Defendants admit that the quoted statements are from the Department of Homeland Security, Cyber-Infrastructure Division's March 28, 2020 Advisory Memorandum on Identification of Essential Critical Infrastructure Workers During Covid-19 Response.

44. Answering Paragraph 96 of the FAC, Defendants admit that Governor Newsom has issued various executive orders regarding the State's response to the COVID-19 Novel Coronavirus pandemic, and as to the remainder of the allegations set forth in Paragraph 96, these Defendants lack sufficient information or belief to enable them to answer said Paragraph and, on that ground, deny each and every allegation contained therein.

45. Answering Paragraph 101 of the FAC, Defendants admit that the quoted textual excerpts are from the County Order.

46. Answering the Prayer for Relief in the FAC, on April 6, 2020, the Court entered an order denying Plaintiffs' *ex parte* application for a temporary restraining order on the ground that Plaintiffs failed to demonstrate a likelihood of success on the merits of their Second Amendment and Due Process claims. Accordingly, Defendants deny each and every allegation relating to Plaintiffs' claims for declaratory and injunctive relief.  As to the remainder of the allegations set forth in the Prayer for Relief, Defendants deny generally and specifically each allegation contained therein.

///

///

**FIRST AFFIRMATIVE DEFENSE**

47. The First Amended Complaint fails to state facts sufficient to constitute a cause of action upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

48. This Court lacks subject matter jurisdiction over Plaintiffs' causes of action against Defendants.

**THIRD AFFIRMATIVE DEFENSE**

49. Plaintiffs' claims are barred because Plaintiffs lack standing to bring them.

**FOURTH AFFIRMATIVE DEFENSE**

50. Plaintiffs' claim for injunctive and declaratory relief are barred because Plaintiffs are not threatened with future injury by Defendants.

**FIFTH AFFIRMATIVE DEFENSE**

51. Plaintiffs are not entitled to injunctive or declaratory relief since the remedies at law are adequate.

**SIXTH AFFIRMATIVE DEFENSE**

52. Plaintiffs are not entitled to the injunctive relief sought since the relief sought is contrary to public policy.

**SEVENTH AFFIRMATIVE DEFENSE**

53. Plaintiffs' claims are barred by the doctrine of the law of the case.

**EIGHTH AFFIRMATIVE DEFENSE**

54. Plaintiffs' claims are barred by the doctrine of mootness.

**NINTH AFFIRMATIVE DEFENSE**

55. Plaintiffs' claims and requests for relief are barred, in whole or in part, by the doctrine of unclean hands.

**TENTH AFFIRMATIVE DEFENSE**

56. Plaintiffs' claims and requests for relief are barred, in whole or in part, by the doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE

57. Plaintiffs' claims and requests for relief are barred, in whole or in part, by doctrine of waiver.

## TWELFTH AFFIRMATIVE DEFENSE

58. Plaintiffs' claims and requests for relief are barred, in whole or in part, by the doctrine of collateral estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE

59. Plaintiffs' claims and requests for relief are barred, in whole or in part, by the doctrine of judicial estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE

60. Plaintiffs' claims and requests for relief are barred, in whole or in part, by the doctrines of res judicata.

## FIFTEENTH AFFIRMATIVE DEFENSE

61. Any and all official conduct taken by Defendants or their agents, officers or employees was in good faith and without malicious intent to deprive Plaintiffs of their constitutional rights or to cause them injury.

## SIXTEENTH AFFIRMATIVE DEFENSE

62. Neither a public entity nor a public employee is liable for his act or omission, exercising due care, in the execution or enforcement of any law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

63. Neither a public entity nor a public employee is liable for any injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him.

## EIGHTEENTH AFFIRMATIVE DEFENSE

64. Neither a public entity nor a public employee acting in good faith, without malice, and under the apparent authority of an enactment that is unconstitutional, invalid or inapplicable, is liable for any injury caused thereby, except to the extent that he would have been liable had the enactment been

9

constitutional, valid and applicable.

### NINETEENTH AFFIRMATIVE DEFENSE

65. These answering Defendants did not violate Plaintiffs' Second Amendment rights.

### TWENTIETH AFFIRMATIVE DEFENSE

66. These answering Defendants did not violate Plaintiffs' Fifth Amendment rights.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

67. These answering Defendants did not violate Plaintiffs' Fourteenth Amendment rights.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

68. Because Plaintiffs' First Amended Complaint is couched in conclusory terms, these answering Defendants cannot fully anticipate all the affirmative defenses that may be applicable to the within action. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

WHEREFORE, Defendants pray that Plaintiffs take nothing by way of their Complaint and that Defendants herein recover its costs and such other and further relief as the Court may deem just and proper.

Dated:  June 24, 2020        LAWRENCE BEACH ALLEN & CHOI, PC

By _____/s/  Jin S. Choi_____
　　　Jin S. Choi
　　　Attorneys for Defendants
　　　County of Los Angeles,
　　　Sheriff Alex Villanueva,
　　　and Barbara Ferrer

# **DEMAND FOR JURY TRIAL**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants County of Los Angeles, Sheriff Alex Villanueva, and Barbara Ferrer demand a trial by jury pursuant to Federal Rules of Civil Procedure, Rule 38(b), and Local Rule 38-1.

Dated:  June 24, 2020                           LAWRENCE BEACH ALLEN & CHOI, PC


By    /s/  Jin S. Choi
      Jin S. Choi
      Attorneys for Defendants
      County of Los Angeles,
      Sheriff Alex Villanueva,
      and Barbara Ferrer