1  XAVIER BECERRA
   Attorney General of California
2  MARK R. BECKINGTON
   Supervising Deputy Attorney General
3  P. PATTY LI
   Deputy Attorney General
4  PETER H. CHANG
   State Bar No. 241467
5    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA  94102-7004
6    Telephone:  (415) 510-3776
     Fax:  (415) 703-1234
7    E-mail:  Peter.Chang@doj.ca.gov
   *Attorneys for Defendants Gavin Newsom, in*
8  *his official capacity as Governor and Sonia Y.*
   *Angell, in her official capacity as*
9  *California Public Health Officer*

10             IN THE UNITED STATES DISTRICT COURT

11           FOR THE CENTRAL DISTRICT OF CALIFORNIA

12

13

14

15 | **ADAM BRANDY; ET AL.,** | 2:20-cv-02874-AB-AK |

16 |                          Plaintiffs, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**

17 |            **v.** | **STATE DEFENDANTS' EX PARTE APPLICATION TO EXTEND**

18 | | **TIME TO RESPOND TO FIRST**

19 | | **AMENDED COMPLAINT BY 12**

20 | **ALEX VILLANUEVA; ET AL.,** | **DAYS**

21 |                          Defendants. | JUDGE:     Hon. André Birotte Jr.

22 | | Complaint Served: April 2, 2020

23 |

24 | | Current response date: June 24, 2020

25 | | Proposed response date: July 6, 2020

26

27

28

1

1       Pursuant to Local Rule 7-19, Defendants Gavin Newsom, California

2   Governor, and Sonia Y. Angell, California Public Health Officer (collectively, the

3   "State Defendants") hereby request that the Court extend the time for State

4   Defendant to respond to Plaintiffs' First Amended Complaint by 12 days, to and

5   including July 6, 2020.

6                        **BACKGROUND**

7       Plaintiffs filed the Original Complaint (Dkt. No. 1) on March 27, 2020 and

8   the First Amended Complaint ("FAC") (Dkt No. 9) on March 29, 2020.  Counsel

9   for State Defendants accepted service by email on April 2, 2020.  *See* Dkt. No. 33.

10  On April 16, 2020, counsel for Plaintiffs informed counsel for State Defendants

11  that Plaintiffs intended to seek leave to amend the FAC.  *Id.*  Therefore, the parties

12  agreed that the State Defendants need not respond to the FAC because Plaintiffs

13  intended to further amend the complaint.  *Id.*

14      The parties subsequently entered into two stipulations to extend the time for

15  State Defendants to respond to the FAC so that Plaintiffs would have sufficient to

16  prepare the amended complaint and to seek leave to file it.  *See* Dkt Nos. 33 & 41.

17  The Court granted both stipulations.  Dkt. Nos. 34 & 44.  Under the second

18  stipulation to extend, the State Defendant's response to the FAC was due on June

19  24, 2020.  Dkt. No. 44.

20      The parties had also engaged in discussions about settlement by way of a

21  stipulation of dismissal.  *See* Dkt. No. 41.  The parties continued to discuss

22  settlement until the afternoon of June 22, 2020, after which time counsel for

23  Plaintiffs stopped responding to communications from counsel for State

24  Defendants.  *See* Declaration of Peter H. Chang in Supp. of ex parte App. ("Chang

25  Decl."), ¶¶ 5-10.  In the early afternoon of June 23, 2020, having receiving no

26  response from counsel for Plaintiffs, counsel for State Defendants emailed counsel

27  for Plaintiffs again about the status of the settlement discussions.  *Id.*, ¶ 5; Ex. 1.

28  Counsel for State Defendants followed up the email with a phone call and left a

2

1  voicemail.  *Id.*  On the morning of June 24, counsel for State Defendants emailed

2  Plaintiffs' counsel about the status of the draft stipulation of dismissal, and still

3  received no response.  Chang Decl., ¶ 7; Ex. 1.  By that afternoon, having received

4  no response from Plaintiffs' counsel about settlement, Counsel for State

5  Defendants emailed Plaintiffs' counsel about the entering into a further stipulation

6  to extend time by 12 days for State Defendants to respond to the FAC so as to

7  provide time to either finalize a settlement, or "to provide sufficient time for [the

8  parties] to meet and confer about a motion to dismiss ahead of that motion, if

9  necessary."  Chang Decl., ¶ 8; Ex. 1.  Counsel for State Defendants also sent

10  Plaintiffs' counsel a draft stipulation to extend time.  Chang Decl., ¶ 8; *see* Ex. 1.

11  Plaintiffs' counsel did not respond to this request for a stipulation to extend time.

12  Chang Decl., ¶ 8.

### ARGUMENT

14        Ex parte applications are for extraordinary relief, and will only be granted if

15  (1) the moving party's cause will be irreparably prejudiced if the underlying

16  motion is heard according to regular noticed motion procedures and (2) the moving

17  party is "without fault in creating the crisis that requires ex parte relief, or that the

18  crisis occurred as a result of excusable neglect."  *Mission Power Eng'g Co. v.*

19  *Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

20        This application meet both requirements for this Court to grant an ex parte

21  application.  First, the State Defendants' deadline for answering or moving to

22  dismiss Plaintiffs' FAC under Federal Rule of Civil Procedure 12(b) was June 24,

23  2020, and State Defendants would be precluded from filing a 12(b) motion without

24  relief from the Court.

25        Second, the State Defendants did not create this situation, which is the result

26  of State Defendants' good faith reliance on communications with Plaintiffs'

27  counsel; at a minimum, the need for a short extension has occurred as a result of

28  excusable neglect.  Plaintiffs had agreed that the State Defendants did not need to

3

respond to the FAC because Plaintiffs intended to further amend the complaint. *See* Dkt. No. 33 ("WHEREAS, the Parties agree that the State Defendants need not respond to the First Amended Complaint at this time because Plaintiffs intend to seek leave to file a second amended complaint by motion or stipulation"); Dkt. No. 41 (same).  At no time did Plaintiffs inform the State Defendants that it no longer intended to further amend the complaint.  Therefore, the State Defendants had no reason to believe that they would be required to answer or otherwise respond to the FAC.

The State Defendants had also engaged in good-faith discussions of settlement with Plaintiffs until counsel for Plaintiffs ceased all communications after the afternoon of June 22.  *See* Chang Decl., ¶¶ 5-10.  When it appeared that a settlement may not be reached by June 24, the State Defendants also attempted to enter with Plaintiffs a further stipulation to extend time for the parties to either finalize the settlement, or to meet and confer under Local Rule 7-3 about a motion to dismiss, which attempt was also met with silence.  *Id.*, ¶ 8.

Therefore, the State Defendants respectfully request that the Court grant this application and extend the State Defendants' time to respond to the FAC by 12 days, to and including July 6, 2020, which would provide sufficient time for the parties to finalize any settlement, or to engage in a meet and confer under Local Rule 7-3 for the State Defendants to move to dismiss the FAC.

//

//

4

**CONCLUSION**

For these reasons, the State Defendants respectfully request that the Court grant this application and extend the State Defendants' time to respond to the First Amended Complaint by 12 days, to and including July 6, 2020.

Dated:        June 26, 2020              Xavier Becerra
                                         Attorney General of California
                                         Mark R. Beckington
                                         Supervising Deputy Attorney General

                                         /s/ Peter H. Chang
                                         Peter H. Chang
                                         Deputy Attorney General
                                         *Attorneys for Defendants Gavin Newsom, in his official capacity as Governor and Sonia Y. Angell, in her official capacity as California Public Health Officer*

5