George M. Lee (SBN 172982)
gml@seilerepstein.com
**SEILER EPSTEIN LLP**
275 Battery Street, Suite 1600
San Francisco, California 94111
Phone: (415) 979-0500

Raymond M. DiGuiseppe (SBN 228457)
law.rmd@gmail.com
**THE DIGUISEPPE LAW FIRM, P.C.**
4320 Southport-Supply Road, Suite 300
Southport, North Carolina 28461
Phone: (910) 713-8804

Attorneys for Plaintiffs Adam Brandy, et al.

PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
JIN S. CHOI, State Bar No. 180270
jchoi@lbaclaw.com
**LAWRENCE BEACH ALLEN & CHOI, PC**
100 West Broadway, Suite 1200
Glendale, California 91210-1219
Telephone No. (818) 545-1925

Attorneys for Defendants County of Los Angeles,
Sheriff Alex Villanueva, and Barbara Ferrer

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| ADAM BRANDY, et al., | Case No. 2:20-cv-2874 |
|---|---|
| Plaintiffs, | **PARTIES' JOINT RULE 26(F) REPORT** |
| vs. | Scheduling Conf.: October 2, 2020<br>Time: 10:00 a.m.<br>Courtroom 7B |

1

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5 | ALEX VILLANUEVA, in his official capacity as Sheriff of Los Angeles County, et al.,<br><br>Defendants. | Hon. André Birotte, Jr. |

Pursuant to this Court's Order Setting Scheduling Conference [ECF No. 48], and as continued by the Court's Order Continuing Hearings and Deadlines filed on August 28, 2020 [ECF No. 61], the parties hereto, plaintiffs Adam Brandy et al. ("Plaintiffs") and defendants County of Los Angeles, Sheriff Alex Villanueva, and Barbara Ferrer ("County Defendants") hereby and jointly submit this report as required by the Court and Fed. R. Civ Pro. 26(f), in advance of the Scheduling Conference to be held on October 2, 2020 at 10:00 a.m. in Courtroom 7B of this Court.

### A.     STATEMENT OF THE CASE

Plaintiffs:  Plaintiffs brought this action against the County of Los Angeles, through its officials, and other State and local officials who issued various orders that forced the closure of all firearms and ammunition retailers within the County. In an effort to abate the spread of the COVID-19 coronavirus pandemic, on March 19, 2020, the County of Los Angeles Department of Public Health issued an Order titled, "Safer at Home Order for Control of COVID-19." The County Order applied to all of Los Angeles County, except Pasadena and Long Beach. It "require[d] all indoor malls, shopping centers, playgrounds and non-essential businesses to close." Only "Essential Businesses" could remain open. FAC, ¶ 43. By and through their exclusion of firearm retailers and other businesses from "Essential Businesses" under the Orders – and in Sheriff Villanueva's case, an expressly-stated order closing all firearm retailers – Plaintiffs contend that these policies infringed upon constitutionally protected conduct and activity.

2

1    Plaintiffs filed their initial complaint on March 27, 2020 [ECF No. 1] and
2  their First Amended Complaint on March 29, 2020 [ECF No. 9], to address the
3  meaning and effect of state and local orders which addressed the spread of
4  COVID-19 in California, and the resulting shutdown of firearm retailers,
5  ammunition vendors, and gun ranges within the County of Los Angeles. The
6  current and operative FAC alleges claims for declaratory and injunctive relief, and
7  for nominal damages, under 42 U.S.C. § 1983. Plaintiffs specifically allege that for
8  defendants' Orders effected a deprivation of the right to keep and bear arms,
9  secured by the Second Amendment, FAC, Count One, ¶¶ 82-91, and that the
10  defendants' orders were unconstitutionally vague, FAC, Count Two, ¶¶ 92-108.

11    The relief sought in the FAC is primarily, though not limited to, declaratory
12  and injunctive relief. Plaintiffs have alleged that defendants' enforcement and
13  threats of enforcement of the relevant orders, including the County's March 19
14  Order and Sheriff's Villanueva's Order violated the Second and Fourteenth
15  Amendments. FAC, ¶ 90. The individual and retailer plaintiffs allege that
16  defendants will continue or resume to enforcement such orders. FAC, ¶ 88. The
17  organizational plaintiffs have also alleged a credible threat of the same against their
18  members – including individual and retailer plaintiffs and all similarly situated
19  individuals and retailers. FAC, ¶ 89.

20    Plaintiffs have further and specifically alleged injury, in that defendants'
21  policies, practices, customs, and ongoing enforcement and threats of enforcement
22  of their various orders and directives have prevented individual plaintiffs, their
23  customers, and the organizational plaintiffs' members from exercising their rights,
24  "including the purchase, sale, transfer of, and training with constitutionally
25  protected arms, ammunition, magazines, and appurtenances – [and] are thus
26  causing injury and damage that is actionable under 42 U.S.C. § 1983." FAC, ¶ 91.
27  Plaintiffs' complaint prays for, among other things, nominal damages against the
28

1   local defendants, including the County Defendants, for violation of the Second

2   Amendment. FAC, Prayer for Relief, p. 46 at ¶ 5.

3        <u>Defendants:</u>  In response to the extraordinary COVID-19 pandemic, the

4   County of Los Angeles has implemented emergency public health orders in

5   accordance with the most up-to-date scientific and medical data gathered and

6   examined by public health professionals, in an effort to limit, as much as possible,

7   the community spread of COVID-19 to help avoid the overwhelming of medical

8   resources and reduce the rate of COVID-19 related fatalities.  The County's

9   emergency public health orders have included guidelines regarding the use of

10   personal protection equipment, social distancing and working from home, and

11   mandated the temporary closures of specifically identified public activities and

12   high-risk businesses.  The County's orders, however, do not result in the closure of

13   any firearms and ammunitions retailers operating in the County, or infringe upon

14   the lawful exercise of Second Amendment rights by County residents.  Moreover,

15   any prior temporary closure of such retailers, as alleged by Plaintiffs, was

16   constitutionally justified.  Therefore, Plaintiffs' claims for declaratory and

17   injunctive relief, and nominal damages, are without legal merit and fail as a matter

18   of law.

19

20   **B.**     **SUBJECT MATTER JURISDICTION**

21        The Parties are in agreement that this Court has subject matter jurisdiction

22   over the Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331, 1343, and 2202. This is

23   an action for deprivation of civil rights brought pursuant to 42 U.S.C. § 1983.

24

25   **C.**     **LEGAL ISSUES**

26        Plaintiffs contend that the remaining defendants' policies, customs and

27   practices violated the Second Amendment in that they constituted an unjustifiable

28   infringement upon constitutionally-protected activity, including the right to keep

4

and bear arms, to acquire and purchase arms and ammunition, and the right to train with firearms and ammunition.

Plaintiffs also brought a second count alleging that the defendants' orders, including the State orders of the Governor, were unconstitutionally vague and violated due process. However, after negotiating a stipulated dismissal which operated to clarify the State defendants' position that their orders did not require the closure of firearm retailers, ammunition vendors or shooting ranges [ECF No. 53, Exh. A, ¶ 6], Plaintiffs voluntarily dismissed the State defendants, Gov. Newsom and Dr. Sonia Y. Angell, on July 8, 2020. [ECF No. 53]. Plaintiffs further filed voluntary dismissals of the City of Burbank defendants [ECF No. 52], and the City of Los Angeles defendants [ECF No. 54]. In their opposition to the County Defendants' Motion for Judgment on the Pleadings, Plaintiffs agreed that they would dismiss the due process claim (second count) via amendment.

The primary legal issue presented in the case is whether the County Defendants' orders and policies as applied to firearm retailers and industries were an infringement upon constitutionally protected activity, and if so, whether such an infringement could be justified.

Defendants' pending Motion for Judgment on the Pleadings seeks dismissal of this action, asserting that Plaintiffs' claims have been rendered moot by the plain meaning and effect of the County's emergency public health orders – which do not require the closure of firearms and ammunition retailers operating in the County. Furthermore, the alleged Second Amendment violation fails as a matter of law because there was a constitutionally reasonable fit between any burdens that were allegedly imposed on Plaintiffs' Second Amendment rights and the goal of limiting the spread of COVID-19 transmission in the community.

**D.   PARTIES/EVIDENCE**

At present, the Plaintiffs are: Adam Brandy; Jonah Martinez; Daemion

5

Garro, DG 2A Enterprises, Inc. d.b.a. Gun World; Jason Montes; Weyland-Yutani LLC d.b.a. Match Grade Gunsmiths; Alan Kushner; The Target Range; Tom Watt; A Place to Shoot, Inc.; Second Amendment Foundation; California Gun Rights Foundation; National Rifle Association of America; and Firearms Policy Coalition, Inc. Plaintiffs plan to amend their current complaint, however, to substitute parties and eliminate defendants that have already been dismissed. Plaintiffs propose to have a motion to amend heard by November 20, 2020.

At present, the key documents that Plaintiffs will rely upon in their primary case will consist of the promulgated orders, policies, and announcements of the County Defendants, which Plaintiffs allege had the effect of shutting down firearm retailers, ammunition vendors, product manufacturers, gunsmiths, and/or shooting ranges, either by direct order/policy or by excluding them from the definition of "Essential Businesses" under the County Orders. Plaintiffs will further show that cities within the County followed such County policies to effect localized shutdowns of firearm and ammunition retailers.

Defendants will conduct discovery to obtain information specific to the presently named individual, retailer and organizational Plaintiffs, with respect to the grounds for the Second Amendment infringements to which they were allegedly subjected.  The scope of this discovery may have to be expanded in the event that Plaintiffs are granted leave to amend the operative complaint to add new Plaintiffs and/or claims.

**E.    DAMAGES**

Plaintiffs seek declaratory judgment, injunctive relief, and nominal damages in this matter. See, *New York State Rifle & Pistol Assoc., Inc. v. City of New York*, 140 S.Ct. 1525, 1536 (2020) (Alito, J., dissenting).

//

//

6

**F.    INSURANCE**

Defendants are self-insured.

**G.    MOTIONS**

County Defendants have filed a Motion for Judgment on the Pleadings [ECF No. 56]. If County Defendants' motion is denied, Plaintiffs will file a Motion for Leave to Amend to be heard by November 20, 2020.

**H.    DISPOSITIVE MOTIONS**

In addition to the pending Motion for Judgment on the Pleadings, Defendants will file a Motion for Summary Judgment if necessary.

**I.    COMPLEX LITIGATION**

The Parties are in agreement that this case does not constitute complex litigation.

**J.    STATUS OF DISCOVERY**

In light of the Defendants' pending Motion for Judgment on the Pleadings, the parties have agreed to exchange initial disclosures under Rule 26(a)(1) on or before October 9, 2020.

**K.    DISCOVERY PLAN**

The Parties do not anticipate any deviation from the ordinary discovery limitations or rules set forth in FRCP 26.

Subjects on which discovery may be needed:

<u>Plaintiffs:</u>  The issuance of the County Orders, the rationale for excluding firearm retailers etc. from the definition of Essential Businesses, any consideration of less restrictive alternatives, any other documents and witnesses supporting the

7

issuance of the County Orders, and the effect of those orders, including enforcement of the orders in cities within the County. After anticipated amendment of the complaint, the Parties anticipate propounding written discovery requests (document requests, requests for admission, and interrogatories) and taking depositions beginning in 2021.

<u>Defendants:</u>  Defendants will obtain discovery about the basis for each Plaintiff's claim, and the claims of any new Plaintiffs that may be added to this action.

The Parties do not anticipate that this case will involve unusual issues related to the preservation of Electronically Stored Information, or the production of an inordinate amount of ESI.

The Parties do not anticipate any extraordinary issues of claims or privilege that might arise in this case, or the need for any protective orders to protect the disclosure of sensitive or confidential information.

At present, the Parties do not anticipate any deviations from the ordinary limitations on discovery imposed by the Federal Rules.

**L.    DISCOVERY CUTOFF**

The Parties would propose a fact witness discovery cutoff date of May 14, 2021, in accordance with the proposed Schedule of Pretrial and Trial Dates Worksheet, attached (17 weeks before the proposed FPTC of September 10, 2021).

**M.    EXPERT DISCOVERY**

The Parties propose completing expert disclosures in accordance with the schedule attached hereto as Exhibit A.

**N.    SETTLEMENT CONFERENCE/ADR**

The Parties are in agreement to use the assistance of a Magistrate Judge to

conduct any settlement conference.

**O.   TRIAL ESTIMATE**

At present, Plaintiffs believe this matter will be a court trial, not exceeding four (4) days.

Defendants reserve their right to a jury trial assuming, by the time of trial, there are any claims remaining that give rise to a right to a jury trial.

**P.   TRIAL COUNSEL**

Plaintiffs will be represented at trial by: George M. Lee and Raymond M. DiGuiseppe.

County Defendants will be represented at trial by: Paul B. Beach and Jin S. Choi.

**Q.   INDEPENDENT EXPERT OR MASTER**

The Parties are in agreement that this case is not appropriate for the use of an independent expert or master pursuant to FRCP 53.

**R.   SCHEDULE WORKSHEET**

The Parties' proposed Worksheet is attached as Exhibit A. The Parties are in agreement in requesting that the FPTC take place on September 10, 2021, and request that the Trial take place on September 28, 2021. The dates contained in the Worksheet are calculated in accordance with the Court's designated time parameters based on the proposed FPTC date.

**S.   Other Issues**

None at this time.

9

1   Dated: September 18, 2020          **SEILER EPSTEIN LLP**

2

3                                      /s/ George M. Lee
                                       _____
4                                      George M. Lee

5                                      Attorneys for Plaintiffs Adam Brandy, et
                                       al.
6

7   Dated: September 18, 2020          **LAWRENCE BEACH ALLEN &**
                                       **CHOI, PC**
8

9                                      /s/ Jin S. Choi
                                       _____
10                                     Jin S. Choi

11                                     Attorneys for Defendants County of Los
                                       Angeles, Sheriff Alex Villanueva, and
12                                     Barbara Ferrer

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28