PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
JIN S. CHOI, State Bar No. 180270
jchoi@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California 91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendants
County of Los Angeles, Sheriff Alex Villanueva, and Barbara Ferrer

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION**

| | | |
|---|---|---|
| ADAM BRANDY, an individual; et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>ALEX VILLANUEVA, in his official capacity as Sheriff of Los Angeles County, California, and in his capacity as the Director of Emergency Operations; et al.,<br><br>Defendants. | ) | Case No. 2:20-cv-02874-AB-SK<br><br>Honorable André Birotte, Jr.<br><br>**DEFENDANTS COUNTY OF LOS ANGELES, SHERIFF ALEX VILLANUEVA AND BARBARA FERRER'S REPLY TO OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[*Defendants' Supplemental Request for Judicial Notice filed concurrently herewith*]<br><br>Date: October 2, 2020<br>Time: 10:00 a.m.<br>Crtm.: First Street, 7B |

Defendants County of Los Angeles, Sheriff Alex Villanueva (in his official capacity), and Barbara Ferrer (in her official capacity) (collectively, "the County Defendants") hereby submit the following reply memorandum of points and authorities in support of their Motion for Judgment on the Pleadings.

Dated: September 18, 2020

LAWRENCE BEACH ALLEN & CHOI, PC

By /s/ Jin S. Choi
Jin S. Choi
Attorneys Defendants County of Los Angeles, Sheriff Alex Villanueva, and Barbara Ferrer

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES........................................1

I. The Most Recently Issued Safer At Home Order Further Demonstrates The Absence Of Any Infringement Of Plaintiffs' Second Amendment Rights. ..........................................................1

II. Plaintiffs' Second Amendment Claim Fails As A Matter Of Law Because The Alleged Temporary Closure Of Firearms Retailers Served Compelling Government Interests And Was Substantially Related To The Goal Of Curbing The Spread Of COVID-19. ......................3

III. Plaintiffs Do Not Oppose The Dismissal Of Defendants Villanueva And Ferrer Who Are Sued In Their Official Capacity Only.........................7

IV. Plaintiffs' Belated Request For Leave To Amend Should Be Denied..........8

V. Conclusion. ..........................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Altman v. County of Santa Clara*, 2020 WL 2850291(N.D. Cal. June 2, 2020) ....................3, 5, 6

*Barnes v. Healy*, 980 F.2d 572 (9th Cir. 1992) ....................3

*Brandy v. Villanueva*, 2020 WL3628709 (C.D. Cal. Apr. 6, 2020) ....................6

*Butler v. Elle*, 281 F.3d 1014 (9th Cir. 2002) ....................8

*City of Erie v. Pap's A.M.*, 529 U.S. 277 (2000) ....................3

*County of Los Angeles v. Davis*, 440 U.S. 625 (1979) ....................3

*Dark Storm Industries LLC v. Cuomo*, 2020 WL 3833107 (N.D.N.Y. July 8, 2020) ....................4, 7

*Kentucky v. Graham*, 473 U.S. 159 (1985) ....................7, 8

*L.A. Gem & Jewelry Design, Inc. v. NJS.COM, LLC*, 2018 WL 6131185 (C.D. Cal. March 5, 2018) ....................8

*McDouaall v. Ctv. of Ventura California*. 2020 WL 2078246 (C.D. Cal. Apr. 1, 2020) ....................3, 5, 6

*Second Amendment Arms v. City of Chicago*, 135 F.Supp.3d 753 (N.D. Ill. Sept. 28, 2015) ....................5

*Teixeira v. County of Alameda*, 873 F.3d 670, 680 (9th Cir. 2017) ....................5

*United States v. Geophysical Corp. of Alaska*, 732 F.2d 693 (9th Cir. 1984) ....................3

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. The Most Recently Issued Safer At Home Order Further Demonstrates The Absence Of Any Infringement Of Plaintiffs' Second Amendment Rights.

Plaintiffs acknowledge that the County's March 19, 2020 Safer at Home Order was issued "[i]n an effort to abate the spread of the COVID-19 coronavirus pandemic". (Opp. at p. 1:27-28.) Plaintiffs must also acknowledge that the County's subsequent Safer at Home Orders have been issued, in accordance with the most up-to-date scientific and medical data gathered and examined by public health professionals, in an effort to achieve the same purpose — the limiting of the community spread of COVID-19 to help avoid the depletion of medical resources while hopefully reducing the rate of COVID-19 related fatalities, as the world waits for a widely available, effective vaccine.[1]

At the same time, however, Plaintiffs continue with their factually unfounded and self-serving predictions about the purported, imminent trampling of their Second Amendment rights during the course of this pandemic. They baldly declare that it is "indeed quite likely" that firearms and ammunitions retailers "remain at risk of further closure" (Opp. at 11:5-6), while completely ignoring the fact that the subject County Orders have specifically and consistently identified lower risk retailers as businesses that may continue to operate as long as they comply with infection control protocols implemented to slow the spread of COVID-19 within the community. Indeed, Plaintiffs do not, because they cannot, dispute that the County Orders' provisions regarding lower risk retailers apply to the firearms and ammunitions retailers. Although Plaintiffs refuse to say

[1] As of September 18, 2020, the County of Los Angeles has reported 256,148 COVID-19 cases and 6,303 COVID-19-related deaths. https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/county-map.html; last visited September 18, 2020.

it, since Sheriff Villanueva's explicit announcement on March 30, 2020 that firearms and ammunition retailers in the County would not be subject to closure, the individual and retailer Plaintiffs in the instant case have been free to lawfully exercise their Second Amendment rights within the County.[2]

The currently operative Reopening Safer at Work and in the Community for Control of COVID-19 Order issued on September 4, 2020[3] further illustrates the detachment between Plaintiffs' argument and the factual reality. Consistent with the prior County Orders, the September 4 Order states, "this Order requires the immediate temporary closure of ***specific*** activities and business sectors" and "orders the closure of … ***higher-risk businesses***, recreational sites, commercial properties, and activities, ***where more frequent and prolonged person-to-person contacts are likely to occur***". None of these specifically defined business categories includes lower-risk retailers such as firearms retailers, which may operate if they "prepare, implement and post the Reopening Protocols for Retail Establishments: Opening for In Person Shopping". (Exhibit "11" at ¶ 9(a).)

Thus, the current (and prior County Orders) have drawn material distinctions between higher-risk businesses (the ordinary operations of which necessarily involve extended person-to-person contact, thereby amplifying the risk of the spread of COVID-19) and lower-risk businesses (such as most

---

[2] Assuming *arguendo* Plaintiffs' allegation that Sheriff Villanueva's announcements on March 26, 2020 had the effect of closing firearms and ammunition retailers in certain parts of the County of Los Angeles is true, any such closures lasted no more than four calendar days. (*See* First Amended Complaint, ¶¶ 54-55; ECF No. 23-2 [Villanueva Decl., ¶ 20 (explaining that on March 30, 2020, public announcement was made that the LASD "will not order or recommend closure of businesses that sell or repair firearms, or sell ammunition")].)

[3] *See* Exhibit "11" to Defendants' Supplemental Request for Judicial Notice filed concurrently herewith.

retailers, the ordinary operations of which do not necessitate extended person-to-person contact). Plaintiffs do not recognize the significance of these common-sense and scientifically-driven distinctions presumably because such recognition would directly undermine their dire predictions about how firearms and ammunitions retailers in the County face immediate closure. Plaintiffs' purported fears are wholly unfounded and do not justify the continuing of this action for injunctive and declaratory relief. *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) ("A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."); *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (if "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome", the case is moot); *see also United States v. Geophysical Corp. of Alaska*, 732 F.2d 693, 698 (9th Cir. 1984) ("[a] claim is moot if it has lost its character as a present, live controversy."); *Barnes v. Healy*, 980 F.2d 572, 580 (9th Cir. 1992) (an injunctive relief claim loses all viability if "(1) there is no reasonable expectation that the [alleged] wrong will be repeated, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.").

## II. Plaintiffs' Second Amendment Claim Fails As A Matter Of Law Because The Alleged Temporary Closure Of Firearms Retailers Served Compelling Government Interests And Was Substantially Related To The Goal Of Curbing The Spread Of COVID-19.

This Court has already held that the alleged closure of firearms retailers in the County in conjunction with the COVID-19 pandemic response did not violate the Second Amendment. (ECF No. 29 [April 6, 2020 Order Denying Plaintiffs' Application for Temporary Restraining Order].) Plaintiffs, nevertheless, maintain that this Court's Order and the instructive Second Amendment orders issued in *McDougall v. Cty. of Ventura Cal.*, 20-CV-02927-CBM-ASx (C.D. Cal. April 1, 2020) and *Altman v. County of Santa Clara*, __ F.Supp.3d __, 2020 WL 2850291

(N.D. Cal. June 2, 2020) should be ignored entirely.  Plaintiffs' suggestion that the Second Amendment analysis in these three orders is somehow irrelevant because they were issued at the temporary restraining order stage is belied by an even more recent federal court ruling in which the Court specifically cited this Court's order, and the orders in *McDougall* and *Altman*, in dismissing another Second Amendment action arising from the COVID-19 pandemic-related closure of firearms retailers in the State of New York**.**

In *Dark Storm Industries LLC v. Cuomo*, __F.Supp.3d __, 2020 WL 3833107 (N.D.N.Y. July 8, 2020), the plaintiffs – a firearms and ammunition retailer and two of the retailer's customers – sued New York Governor Cuomo and other state agencies after the retailer "was forced to close in response to the COVID-19 pandemic." *Id.* at *2.  Starting on March 7, 2020, Governor Cuomo issued a series of emergency executive orders, the purpose of which was "to slow the spread of COVID-19 within the State by compelling New Yorkers to stay home and preventing person-to-person contact".  *Id.*  In conjunction with these orders, the Empire State Development ("ESD") was tasked with identifying "essential" businesses that could remain open during the pandemic.  On March 21, 2020, the plaintiff retailer inquired with ESD as to whether its business was "essential" and was advised that its business was only essential "with respect to work directly related to police and/or national defense matters".  *Id.* at *3.  The plaintiff then closed its retail business and ceased selling firearms and ammunition to the general public, and was unable to fulfill an order placed by one of the individual plaintiffs.  *Id.*

On March 30, 2020, the plaintiffs filed their action, which included a cause of action for violation of their Second Amendment rights, and on May 12, 2020, the plaintiffs moved for summary judgment seeking declaratory relief against ESD – specifically, "'a simple judicial declaration of the unconstitutionality of ESD's determination that gun stores are not 'essential' and therefore [could not]

remain open for business' during the depth of New York's COVID-19 related shutdown." *Id.* at *4. The defendants opposed the motion, and their cross-motion for summary judgment sought the dismissal of the action. *Id.*

The Court assumed that there was a triable issue as to whether the executive orders burdened conduct protected by the Second Amendment and examined whether the orders survived intermediate scrutiny. *Id.* at *9. In determining the appropriate level of scrutiny, the Court noted that heightened scrutiny was not triggered because "alternatives remained for Plaintiffs and others like them in New York to acquire firearms for self-defense", since stores such as Walmart remained open and such stores were within a half-hour's drive of the plaintiff retailer's location. *Id.* at *10 (citing *Teixeira v. County of Alameda*, 873 F.3d 670, 680 (9th Cir. 2017) ("gun buyers have no right to have a gun store in a particular location, at least as long as their access is not meaningfully restrained"); *Second Amendment Arms v. City of Chicago*, 135 F.Supp.3d 753, 754 (N.D. Ill. Sept. 28, 2015) ("a slight diversion off the beaten path is no affront to … Second Amendment rights").[4]

In applying intermediate scrutiny, the Court determined that the "governmental interests at stake are important", and the executive orders were "substantially related to the goal of curbing the transmission of CVODI-19". *Id.* at *11, 12. Significantly, the Court cited this Court's April 6, 2020 Order (ECF No. 29), and the orders in *McDougall* and *Altman*, in support of its ruling that the

---

[4] Similarly, in the instant case, even assuming a temporary closure of firearms retailers in certain portions of the County of Los Angeles occurred as a result of Sheriff Villanueva's March 25, 2020 announcement (which was rescinded on March 30, 2020), reasonable alternatives for the purchase of firearms and ammunition remained as firearms retailers in the cities of Pasadena and Long Beach were not subject to the County's Safer at Home Order (*see* First Amended Complaint, ¶ 43) and firearms retailers remained open throughout the adjoining Counties, such as the Counties of Orange, Riverside, and San Bernardino.

executive orders "fit tightly with the State's goal of slowing the spread of the disease":

> ***The Court's conclusion accords with those of other courts that have considered similar regulations during this pandemic***. See Altman, ––– F.Supp.3d at –––– – ––––, 2020 WL 2850291, at *1–4 (finding that Alameda County's shelter-in-place order, which ordered closed firearms retailers and shooting ranges as non-essential businesses, survived intermediate scrutiny because defendants had "demonstrated a reasonable fit between the burden the Order places on Second Amendment rights and Defendants' goal of reducing COVID-19 transmission"); McDougall v. Cty. of Ventura California, No. 20-CV-2927, 2020 WL 2078246, at *1 (C.D. Cal. Apr. 1, 2020) (denying request for injunctive relief because plaintiff's Second Amendment challenge to county order closing gun shops was not likely to succeed on the merits); ***Brandy v. Villanueva***, No. 20-CV-2874, Dkt. No. 29, at 5–6, 2020 WL 3628709 (C.D. Cal. Apr. 6, 2020) (declining to enjoin similar regulations and reasoning that, "[b]ecause [COVID-19] spreads where [a]n infected person coughs, sneezes, or otherwise expels aerosolized droplets containing the virus, the closure of non-essential businesses, including firearms and ammunition retailers, reasonably fits the [defendants'] stated objectives of reducing the spread of this disease"). …
> ***And as explained above, and as confirmed by other courts that have considered similar regulations, the fit between the Executive Orders and the State's interest in protecting public health amply satisfies the requirements of intermediate scrutiny***.

*Id.* at *12, 13 (emphasis added).

Moreover, the Court's constitutional examination was properly placed into the extraordinary factual context – "Defendants made a policy decision about which businesses qualified as 'essential' and which did not. ***In the face of a global pandemic, the Court is loath to second-guess those policy decisions***." *Id.* at *14 (emphasis added). In addition to ruling that the executive orders were valid under intermediate scrutiny, the Court dismissed the plaintiffs' request for

declaratory relief in accordance with the dismissal of their substantive claims. *Id.* at *15.

The *Dark Storm* Court's reliance on this Court's April 6, 2020 Order[5], and the orders from *McDougall* and *Altman*, as authorities in support of its ruling that the New York executive orders did not violate the Second Amendment made complete sense. The County Orders which Plaintiffs attack in this action are substantively indistinguishable from the plaintiffs' attack in *Dark Storm*. In both cases, the emergency public health orders were issued in response to a massive, uncontrolled global pandemic threatening thousands of lives. If any of the Plaintiffs in this action were temporarily impeded with respect to the exercise of their Second Amendment rights during this pandemic response, any such interruption pales in comparison to the significance of the public and governmental interests at stake. Moreover, Plaintiffs have not and cannot refute that the County Orders have been and continue to be substantially and directly related to the goal of slowing the spread of the deadly COVID-19 virus within and beyond the County's borders.

Thus, Plaintiffs' Second Amendment claim and their attendant requests for declaratory and injunctive relief, and nominal damages, fail as a matter of law, and therefore, this action should be dismissed in its entirety.

## III. Plaintiffs Do Not Oppose The Dismissal Of Defendants Villanueva And Ferrer Who Are Sued In Their Official Capacity Only.

Plaintiffs have not presented any argument against the dismissal of Defendants Villanueva and Ferrer who are sued only in their official capacity, and should therefore be dismissed on this additional ground. *See Kentucky v.*

[5] The *Dark Storm* Court's analysis more than echoed this Court's ruling that "the closure of non-essential businesses, including firearms and ammunition retailers, reasonably fits the City's and County's stated objectives of reducing the spread of this disease." (ECF No. 29 at pp. 5-6.)

*Graham*, 473 U.S. 159, 165-66 (1985); *Butler v. Elle*, 281 F.3d 1014, 1023 n. 8 (9th Cir. 2002) ("Section 1983 claims against government officials in their official capacity are really suits against the government employer").

## IV. Plaintiffs' Belated Request For Leave To Amend Should Be Denied.

Other than asserting that Plaintiffs have a Second Amended Complaint with additional individual Plaintiffs ready to be filed, Plaintiffs offer no meaningful explanation as to why they should be granted leave to amend their complaint. Plaintiffs' meager explanation should be rejected because the addition of individual Plaintiffs will not materially affect the controlling Second Amendment analysis, and Plaintiffs do not and cannot point to any material changes in circumstances, i.e. firearms retailers' operations in the County have not been interrupted as long as they abide by the COVID-19 protocols applicable to other lower-risk retailers. Accordingly, the amendment of the First Amended Complaint to add more individual Plaintiffs will necessarily be futile, and Plaintiffs' request for leave to amend should be denied. *See, e.g. L.A. Gem & Jewelry Design, Inc. v. NJS.COM, LLC*, 2018 WL 6131185, at *1 (C.D. Cal. March 5, 2018) ("a motion for leave to amend may be denied if it (1) is futile (2) causes prejudice to the opposing party, (3) is sought in bad faith, (4) causes undue delay, or (5) if the complaint was previously amended") (citations omitted)).[6]

///

///

///

///

///

[6] On May 21, 2020, Plaintiffs stipulated that they would seek leave to amend the First Amended Complaint by June 5, 2020. (*See* ECF No. 39 at p. 2:21-22.) By the date of the hearing of the instant Motion, almost four months will have passed since the expiration of Plaintiffs' own designated deadline.

## V. **Conclusion.**

For the foregoing reasons, the County Defendants respectfully submit that the instant Motion be granted and this action dismissed in its entirety.

Dated: September 18, 2020

LAWRENCE BEACH ALLEN & CHOI, PC

By /s/ Jin S. Choi
Jin S. Choi
Attorneys for
Defendants County of Los Angeles, Sheriff Alex Villanueva, and Barbara Ferrer