UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No.: | 20-cv-02874-AB-SK | Date: | October 20, 2020 |

| | |
|---|---|
| Title: | *Adam Brandy, et al. v. Alex Villanueva, et al.* |

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|
| Carla Badirian | N/A |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (ECF 56)

### I.   INTRODUCTION

Before the Court is Defendants' County of Los Angeles, Sheriff Alex Villanueva, and Barbara Ferrer's ("Defendants") Motion for Judgment on the Pleadings.  (ECF 56.)   The Court determined that no hearing was necessary and took the matter under submission.   For the reasons stated below, the Court **GRANTS** Defendants' Motion.

### II.   BACKGROUND

#### A. The Instant Action

On March 27, 2020, Plaintiffs Adam Brandy, Daemion Garr, DG2A Enterprises, Inc., d.b.a. Gun World, Second Amendment Foundation, California Gun Rights Foundation, National Rifle Association of America, and Firearms Policy Coalition (collectively, "Plaintiffs") brought suit against Defendants Alex

Villanueva, Gavin Newsom, Sonia Y. Angell, Barbara Ferrer, and County of Los Angeles alleging Second Amendment violations. (ECF 1.) On March 29, 2020, Plaintiffs filed a First Amended Complaint ("FAC") seeking injunctive and declaratory relief (ECF 9), and on April 6, 2020, this Court denied Plaintiffs' *ex parte* application for a temporary restraining order as to the enforcement of firearm business closure orders. (*See* ECFs 14, 29.)

Currently, Defendants County of Los Angeles, Sheriff Alex Villanueva, and Barbara Ferrer have moved for judgment on the pleadings as to Plaintiffs' FAC. (ECF 56). Plaintiffs opposed and Defendants filed a reply.

### B. Public Health Orders

The timeline of the relevant health orders is as follows: On March 4, 2020, the Governor of California, Gavin Newsom, declared a state of emergency in California as a result of the spread of COVID-19, a dangerous illness caused by SARS-CoV-2 (i.e., the novel coronavirus). (ECF 14-2, 21.)

On March 19, 2020, Governor Newsom signed Executive Order N-33-20, which ordered "all individuals living in the State of California to stay at home or at their place of residence except as needed to maintain continuity of operations of the federal critical infrastructure sectors[.]" (ECF 14-2.) Noting that "[t]he federal government has identified 16 critical infrastructure sectors," Executive Order N-33-20 states that "Californians working in those 16 critical infrastructure sectors may continue their work . . . ." (*Id*.) The Executive Order further provides that the Public Health Officer "may designate additional sectors as critical in order to protect the health and well-being of all Californians." (*Id*.) On March 26, Governor Newsom publicly stated that he would defer to local sheriffs as to whether firearms and ammunition retailers constitute essential businesses that may remain open. (ECF 23-2.)

On the same day, March 19, 2020, the County of Los Angeles Department of Public Health issued the "Safer at Home Order for Control of COVID-19" ("County Order"). (ECF 14-2.) Pursuant to the County Order, the Los Angeles Health Officer ordered, among other things, the closure of all non-essential retail businesses, including all indoor malls and indoor shopping centers. (*Id*.) On March 30, 2020, Los Angeles County Sheriff Alex Villanueva ("Sheriff Villanueva") publicly announced that the Los Angeles County Sheriff's Department will treat businesses that sell or repair firearms, or sell ammunition, as essential businesses under the County Order, allowing them to continue operations. (ECF 23-2.).

Sheriff Villanueva's March 30, 2020 announcement reversed a prior decision to categorize firearms and ammunition retailers as non-essential businesses under the County Order. (*Id*.)   As of March 30, 2020, firearm and ammunition retailers were permitted to be open to the public.

The County updated and modified its COVID-19 orders over the next few months, and at no point did it again require or announce the closure of firearm retailers.   Specifically, on June 18, 2020, the County issued its "Reopening Safer at Work and in the Community for Control of COVID-19" Order.   (ECF 57, Exh. 2.)   The June 18, 2020 Order "supersede[d] all prior Safer at Home orders" and enumerated which businesses were deemed high risk and had to remain closed. (*Id.* at 15.)   Firearms retailers were not included. "Lower-Risk Retail Businesses" such as firearms retailers were allowed to be open as long as they implemented specific safe reopening protocols.   (*Id.* at 15-16.)

The June 18, 2020 Order was later superseded by the August 12, 2020 "Reopening Safer at Work and in the Community for Control of COVID-19" Order which updated information for childcare and educational facilities, but did not alter the language about businesses that could remain open nor did it add firearms retailers to the list of businesses that must be closed.   (ECF 57, Exh. 5.)

And on September 4, 2020, the County again issued an Order which only temporarily closed "higher-risk businesses . . . where more frequent and prolonged person-to-person contacts are likely to occur."   (ECF 64, Exh. 11.)   Like the previous iterations, this Order did not mandate closure of firearms retailers which were and are still permitted to operate so long as they follow the "Reopening Protocols for Retail Establishments."   (*Id.* at ¶ 9(a).)

### III.   LEGAL STANDARD

"After the pleadings are closed – but early enough to not delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. Proc. 12(c). The standard for assessing a Rule 12(c) motion for judgment on the pleadings is the same as the standard for a Rule 12(b)(6) motion to dismiss. *Enron Oil Trading & Trans. Co. v. Walbrook Ins. Co., Ltd.*, 132 F.3d 526, 529 (9th Cir. 1997).

To defeat a Rule 12(b)(6) motion to dismiss, the complaint must provide enough factual detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).   The complaint must also be "plausible on its face," that is, the "complaint

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). A plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. Labels, conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

A court may dismiss a complaint under Rule 12(b)(6) based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).   When ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).   But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

The court generally may not consider materials other than facts alleged in the complaint and documents that are made a part of the complaint. *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996). However, a court may consider other materials if (1) the authenticity of the materials is not disputed and (2) the plaintiff has alleged the existence of the materials in the complaint or the complaint "necessarily relies" on the materials. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted). The court may also take judicial notice of undisputed facts that are contained in extrinsic materials. *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Lee*, 250 F.3d at 689-90.

### IV. DISCUSSION

#### A. Plaintiffs Likely Lack Standing Because Their Second Amendment Claim is Moot.

Defendants seek judgment on the pleadings on the ground that Plaintiffs' Second Amendment claim against the County Order does not present a case or controversy within the meaning of Article III.

Under Article III, "[a] claim is moot if it has lost its character as a present, live controversy." *Rosemere Neighborhood Ass'n v. EPA*, 581 F.3d 1169, 1172–73 (9th Cir. 2009). Under the voluntary cessation exception to mootness, however,

"the mere cessation of [allegedly] illegal activity in response to pending litigation does not moot a case, unless the party alleging mootness can show that the allegedly wrongful behavior could not reasonably be excepted to recur." *Id*. (alteration added) (internal quotation marks omitted). Although a statutory change is "usually enough to render a case moot . . . a policy change not reflected in statutory changes or even in changes in ordinances or regulations will not necessarily render a case moot." *Rosebrock v. Mathis*, 745 F.3d 963, 971 (9th Cir. 2014) (internal quotation marks omitted). As a general matter, courts "are less inclined to find mootness where the new policy . . . could easily be abandoned or altered in the future." *Id*. at 972. (internal quotation marks omitted).

Defendants argue that Plaintiffs' Second Amendment claim against the County Order is now moot because Sheriff Villanueva has stated that firearms and ammunition retailers constitute essential businesses under the County Order and thus may remain open. They also argue that the subsequent orders from June, August, and September 2020 have all clearly exempted firearm retailers from closure and have unequivocally foreclosed the possibility that the County will abandon or alter its stance on this matter in the future.   Plaintiffs respond arguing that the effects of the alleged violation have not been "completely and irrevocably eradicated" and that their injury is "capable of repetition, yet evading review" such that their claims are not moot.

The County has demonstrated in the six months since it issued its initial order that it will not close firearm retailers even in the absence of a temporary restraining order, nor has the County even hinted at any plans to close firearm retailers in the future.   Plaintiffs' fears and speculation about future possible closures cannot sustain an otherwise moot claim; where "there is no reasonable expectation that the [alleged] wrongs will be repeated, and [] interim relief or events have completely and irrevocably eradicated the effects of the alleged violation" a case is moot.   *Barnes v. Healy,* 980 F.2d 572, 580 (9th Cir. 1992).

As such, the Court finds that Plaintiffs' Second Amendment claim against Defendants has likely lost its character as a present, live controversy and should be dismissed as moot.   However, the Court declines to definitively rule on standing and instead will address the merits of this matter.

### B. Assuming Plaintiffs Have Standing to Sue, Plaintiffs' Second Amendment Claim Fails as a Matter of Law Because Any Temporary Closure of Firearms Retailers Served Significant Government Interests and Was Substantially Related to These Interests.

Defendants next argue that all County Orders survive intermediate scrutiny such that Plaintiffs' claims fail as a matter of law.

To determine the merits of a Second Amendment claim, courts have adopted a two-step inquiry which "(1) asks whether the challenged law burdens conduct protected by the Second Amendment and (2) if so, directs courts to apply an appropriate level of scrutiny." *See United States v. Chovan*, 735 F.3d 1127, 1136 (9th Cir. 2013). Where it is unclear whether a challenged law burdens conduct protected by the Second Amendment, courts follow a "well-trodden and judicious course" of assuming that the Second Amendment applies and analyzing the regulation under the appropriate level of scrutiny. *See Pena v. Lindley*, 898 F.3d 969, 976 (9th Cir. 2018) (internal quotation marks omitted).

Assuming that the County Orders burden conduct protected by the Second Amendment by "affecting the ability of law-abiding citizens to possess [a handgun]," *Fyock v. Sunnyvale*, 779 F.3d 991, 999 (9th Cir. 2015), intermediate scrutiny is warranted because the County Orders are "simply not as sweeping as the complete handgun ban at issue in [*District of Columbia v. Heller*, 554 U.S. 570 (2008).]" *Id.*; *see also Donald McDougal v. Cty. of Ventura Cal.*, 20-CV-02927-CBM-ASx (C.D. Cal. March 31, 2020) (holding that the City Order is subject to intermediate scrutiny).   Indeed, the alleged temporary closure of firearms retailers lasted a total of five days from March 25 to March 30, 2020 in the height of a global pandemic which has killed over 200,000 individuals in the United States alone—this circumstance is wholly distinguishable from a complete handgun ban or other possible governmental infringement on Second Amendment rights.

In applying intermediate scrutiny to the County Orders, the Court must consider (1) whether the government's stated objective is significant, substantial, or important, and (2) whether there is a reasonable fit between the challenged regulation and the asserted objective. *See Chovan*, 735 F.3d at 1139. The County's stated objective—reducing the spread of a deadly pandemic—unequivocally constitutes a significant government objective. This disease spreads where "[a]n infected person coughs, sneezes, or otherwise expels aerosolized droplets containing the virus," (ECF 21), so a five-day closure of non-essential businesses,

including firearms and ammunition retailers, reasonably fits the County's stated objectives of reducing the spread of this disease.

And because firearms retailers are now open to the public, any current restrictions such as social distancing or face masks also reasonably fit the County objectives such that no violation has occurred—regardless, such restrictions do not prohibit, restrict, or otherwise limit the sale of firearms. Accordingly, Plaintiffs have failed to plausibly allege a Second Amendment claim against Defendants. As such, all claims, including those for declaratory and injunctive relief and for nominal damages, fail as a matter of law.

Finally, because Plaintiffs' have not provided legally sound explanations for how their FAC could be altered to survive dismissal, the Court declines to grant leave amend. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*) (leave to amend should not be granted if a pleading "could not possibly be cured by the allegation of other facts") (internal quotation marks and citations omitted).

## V. CONCLUSION

For the reasons stated above, Defendants' Motion for Judgment on the Pleadings is **GRANTED**. This matter is **DISMISSED WITH PREJUDICE**. The scheduling conference is **VACATED AS MOOT**. Defendants are **ORDERED** to submit a proposed judgment within 14 days of the issuance of this Order.

**IT IS SO ORDERED**.