George M. Lee (SBN 172982)
gml@seilerepstein.com
**SEILER EPSTEIN LLP**
275 Battery Street, Suite 1600
San Francisco, California 94111
Phone: (415) 979-0500
Fax: (415) 979-0511

Raymond M. DiGuiseppe (SBN 228457)
law.rmd@gmail.com
**THE DIGUISEPPE LAW FIRM, P.C.**
4320 Southport-Supply Road, Suite 300
Southport, North Carolina 28461
Phone: (910) 713-8804
Fax: (910) 672-7705

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM BRANDY, an individual, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ALEX VILLANUEVA, in his official capacity as Sheriff of Los Angeles County, California, and in his capacity as the Director of Emergency Operations, et al., <br><br> Defendants. | Case No. 2:20-cv-2874 <br><br> **JOINT STATUS REPORT PURSUANT TO THE COURT'S JULY 19, 2022 ORDER (ECF 76)** |

//

Plaintiffs and Defendants hereby submit this Joint Status Report pursuant to the Court's July 19, 2022 Order (ECF 76).

## JOINT STATUS REPORT

### I. Plaintiffs' Position

After this case was remanded for further proceedings in light of *Bruen*, counsel for Defendants contacted counsel for Plaintiffs to initiate settlement discussions, requesting that Plaintiffs propose an offer of settlement. Plaintiffs have done so. While Defendants have not yet responded with an acceptance of or a counteroffer to Plaintiffs' settlement proposal, they have indicated a continuing interest in and willingness to pursue a settlement. Therefore, Plaintiffs believe that this case is appropriate for a mediation process over a reasonable period of time, not to exceed 90 days. Should the Court decline to assign the matter to mediation, or should it do so but should the parties fail to reach a settlement within that time period, Plaintiffs' position is that the first step in continuing the litigation would be for Plaintiffs' to file an amended complaint, so that the claims at issue are properly presented, litigated, and adjudicated in accordance with the new framework for resolving Second Amendment claims under *Bruen*.

But the foregoing request to allow the parties to mediate is now tempered by the defendants' position taken below, in which defendants appear to be requesting affirmative relief (i.e., dismissal) on the grounds of alleged mootness. This is improper within the context of a joint status report. If defendants wish to move to dismiss some or all of plaintiffs' claims on the grounds of mootness, they may do so upon the filing of an amended complaint, or on a motion for summary judgment, but not simply to casually seek such relief in the form of a joint status report.

Responding to the substance of "Defendants' Position" stated below, this matter is not moot for several reasons. First the matter is not moot under the voluntary cessation doctrine, unless the defense can meet its burden to show that "there is no reasonable expectation . . . that the alleged violation will recur' and

'interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.'" *Fikre v. Fed. Bureau of Investigation*, 904 F.3d 1033, 1037 (9th Cir. 2018) (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)). When the claim is based on the party's voluntary cessation of the challenged conduct, that party bears the "formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000). It is well established that a party claiming mootness bears a "heavy burden" to show that a court can provide no effective relief. *Karuk Tribe of Cal. v. U.S. Forest Serv.*, 681 F.3d 1006, 1017 (9th Cir. 2012) (citing *Forest Guardians v. Johanns*, 450 F.3d 455, 461 (9th Cir. 2006)).

Relatedly, this matter is not moot under the theory that the alleged violations are "capable of repetition, yet evading review." *Planned Parenthood of Greater Washington & N. Idaho v. U.S. Dep't of Health & Human Servs.*, 946 F.3d 1100, 1109 (9th Cir. 2020) (citing *Kingdomware Techs., Inc. v. United States*, 136 S.Ct. 1969, 1976 (2016)). This exception to the mootness doctrine "requires (1) the complaining party to reasonably expect to be subject to the same injury again and (2) the injury to be of a type inherently shorter than the duration of litigation." *Id*. Under this doctrine, the same controversy is sufficiently likely to recur when a party has a reasonable expectation that it "will again be subjected to the alleged illegality," or "will be subject to the threat of prosecution" under the challenged law. *Fed. Election Comm'n v. Wisconsin Right To Life, Inc.*, 551 U.S. 449, 463 (2007).

Finally, the matter is not moot because, as defendants acknowledge, plaintiffs have asserted a live claim for nominal damages, which will prevent dismissal for mootness. *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 872 (9th Cir. 2002).

On all of these issues of alleged mootness, defendants would bear a "heavy burden" to show entitlement to dismissal. *Fikre*, 904 F.3d at 1037 (citing *Adarand Constructors, Inc. v. Slater*, 528 U.S. 216, 222 (2000)). That heavy burden is neither met nor sidestepped by simply causally mentioning that the matter is somehow moot within a joint status report. In short, if defendants wish to mediate, this Court should allow the parties to mediate. If defendants, however, wish to now re-litigate a mootness defense (which they have already done before this Court), then the Court may allow this case to be further litigated to that end. However, that would appear to be contrary to the mandate of the Ninth Circuit, which remanded this case to the district court "for further proceedings consistent with the United States Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. ____ (2022)," and not necessarily to take second bites at the mootness apple on remand.

## II. Defendants' Position

### Plaintiffs' Claims for Injunctive/Declaratory Relief are Moot

The gravamen of Plaintiffs' suit concerns claims for injunctive/declaratory relief. That is understandable, since Plaintiffs filed suit only days after the subject Covid-19 public health orders were issued at the outset of a global pandemic. In any event, it is undisputed that within only a few days thereafter, the Defendants made clear that they would consider the gun industry "essential businesses" and not interfere with their operations. That has remained the same since March 2020, more than two years ago. Although during that same time period society has encountered multiple different strains of the Covid-19 virus, effective vaccines and boosters have been developed, various techniques have been implemented to protect those who have been impacted by the virus, and all aspects of social living and commerce in Los Angeles County have continued.

In its ruling on Defendants' motion for judgment on the pleadings (ECF 68), this Court noted that, even at that time, Plaintiffs' claims were probably moot.

ECF 68 at 5 ("the Court finds that Plaintiffs' Second Amendment claim against Defendants as likely lost its characters as a present, live controversy and should be dismissed as moot").  Nevertheless, out of an abundance of caution, the Court engaged in a Second Amendment analysis.  ECF 68 at 6-7.  Now, this Court can and should rule on whether Plaintiffs' claims are indeed moot.  Years later, the proof of mootness is stronger, and irrefutable.  Thus, this Court should now dismiss Plaintiffs' claims for injunctive/declaratory relief as moot.

## Dismissal of Plaintiffs' Claims for Nominal Damages

In March 2021, approximately a year after Plaintiffs filed suit, the United States Supreme Court issued its ruling in *Uzuegbunam v. Preczewski*, 141 S.Ct. 792 (2021).  In *Uzuegbunam*, in which the plaintiffs agreed that their injunctive claim had been rendered moot by the change in the challenged school policy, the Supreme Court recognized that nominal damages is an appropriate remedy for a constitutional violation, but only if there has been a **completed** violation of a constitutional right.  This ruling, as well as cases that have interpreted and applied it, mandate the dismissal of Plaintiffs' claims for nominal damages.  *See e.g. Benham v. City of Jackson*, 2021 U.S. Dist. LEXIS 241675, at *24 (S.D. Miss. Dec. 17, 2021) (First Amendment suit for nominal damages dismissed because there was no "past completed injury" since the plaintiff's "allegation in his Complaint was that his speech had been chilled by the enactment of the Ordinances, should he decide to visit the City at a later date", and the Court rejected the plaintiff's contention that "chilled speech by itself is a realized constitutional injury as a matter of law, which overcomes mootness", citing *Uzuegbunam*).[1]

---

[1] The *Benham* Court also held that the plaintiff's declaratory and injunctive relief claims had been rendered moot by the repeal of the subject city ordinances which made "it impossible for this court to grant [the plaintiff] any effectual declaratory

### Conclusion

For the reasons set forth above, Defendants believe that the Court can and should dismiss this action. Plaintiffs' claims for injunctive/declaratory relief are, and for over two years have been, moot. Moreover, under the Supreme Court's most recent pronouncement regarding nominal damages, Plaintiffs' remaining claims fail as a matter of law. If necessary, the Court could set a briefing and hearing schedule to address the above.[2]

Notwithstanding the foregoing, if Plaintiffs are genuinely interested, and the Court prefers, the Defendants stand ready and willing to participate in a mediation and/or settlement conference to try to resolve this case.

---

Dated: August 23, 2022            THE DIGUISEPPE LAW FIRM, P.C.

By _____/s/_____
Raymond DiGuiseppe
Attorneys for Plaintiffs

Dated: August 23, 2022            LAWRENCE BEACH ALLEN & CHOI, PC

By _____/s/_____
Paul B. Beach
Attorneys for Defendants

---

or injunctive relief", and there was no evidence that the city planned to re-enact the ordinances. *Id.* at *24.

[2] An alternative basis for the dismissal of Plaintiffs' claims is *Jacobson v. Commonwealth of Massachusetts*, 197 U.S. 11 (1905) where the Supreme Court upheld a public health law requiring a city's inhabitants to be vaccinated against smallpox. *See McDougall v. County of Ventura*, U.S.D.C. Case No. 2:20-cv-02927-CBM-AS (ECF 53 [ruling that County of Ventura's stay at home orders, issued in response to a national public health crisis, did not violate the Second Amendment]).